Richard Lawrence HAWKINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–96–180 CR.

Court of Appeals of Texas, Beaumont.

Submitted Jan. 8, 1998.

Decided March 11, 1998.

Discretionary Review Refused June 10, 1998.

Bevil B. Wright, Wright & Wright, Silsbee, for appellant.

James A. Clark, Crim. Dist. Atty., Inez Knight, Asst. Crim. Dist. Atty., Woodville, Erik E. Cary, Special Asst. Crim. Dist. Atty., Austin, for state.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

WALKER, Chief Justice.

Richard Lawrence Hawkins appeals his conviction for driving while intoxicated. After the completion of a jury trial, the trial court assessed punishment at 72 hours' confinement in the Tyler County Jail and a $1400 fine. The court suspended the sentence and placed Hawkins on community supervision for 2 years. Hawkins raises three points of error on appeal.

Point of error one contends: "The trial court erred in not granting defendant's motion for an instructed verdict and [sic] after the state had rested its case in chief." A point of error regarding the failure to grant a motion for instructed verdict is normally a challenge to the legal sufficiency of the evidence to sustain the conviction. *Cook v. State,* 858 S.W.2d 467, 470 (Tex.Crim.App. 1993). In this instance, however, Hawkins is complaining not of the legal sufficiency of the evidence used to convict him, but of the State's failure to secure a blood or urine specimen to determine Hawkins' alcohol concentration as requested by Hawkins while he was detained at the Tyler County Jail.

The facts of this case are, to say the least, egregious. Grahme Jones, a game warden, observed Hawkins driving into Martin Dies Park at 1:00 a.m., administered field sobriety tests which indicated Hawkins was intoxicated, and called in Ty Nowlin of the Tyler County Sheriff's office. The officers arrested Hawkins and brought him to the county jail, where they met Department of Public Safety troopers Bobby Risch and Denman Dunkin. Hawkins agreed to take a breath test, but the officers could not make the intoxylizer work. Hawkins testified he asked for a blood test, and none of the officers denied it. The officers did not take Hawkins to the hospital for a blood test. Hawkins testified the officers stated "It was too late to go across to the hospital." The officers did not seem to recall Hawkins's request for a blood test, although Jones paradoxically testified a blood test was not performed because Hawkins was belligerent. Since no scientific tests of any kind were performed, Hawkins had no objective evidence with which to refute the officers' opinions regarding his inebriated state.

On appeal, Hawkins argues his federal and state rights to due process were violated by the officers' failure to act upon his request for a blood test. U.S. CONST. amend. XIV; TEX. CONST. art. I, § 19. Although he invokes both state and federal constitutions, Hawkins confines his argument and authorities to the Due Process Clause of the United States Constitution. Therefore, we will limit our analysis to the federal constitution. Hawkins argues he is entitled to acquittal under *Arizona v. Youngblood,* 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988) (bad faith failure to preserve potentially useful

evidence), *California v. Trombetta,* 467 U.S. 479, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984) (failure to preserve exculpatory evidence), and *United States v. Valenzuela–Bernal,* 458 U.S. 858, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982)(denial of access to favorable material evidence), because the law enforcement officers acted in bad faith in not permitting Hawkins to give a blood sample.

■ Hawkins argued to the jury that the absence of a blood test or other scientific measure of intoxication cast reasonable doubt upon the officers' credibility, but at no time in the course of the proceedings before the trial court did he seek any relief from the trial court for the due process violation arising from the officers' refusal to take Hawkins to the hospital for a blood test. No motion to suppress the State's evidence appears in the record, nor did he move to dismiss the indictment, or object to the officers' testimony, file a pre-trial writ of habeas corpus, or include his due process claim as a ground in his motion for new trial. The officers' testimony suffice as proof of intoxication for purposes of establishing the legal sufficiency of the evidence, and Hawkins did not present his due process claim as an independent ground for instructing a verdict of acquittal. In fact, defense counsel noted in her argument to the jury: "It is my opinion that you shouldn't convict just on evidence of a police officer, but you should be able to have the opportunity to give samples of your breath or your blood or urine .... [but t]hat is not the law of the State of Texas." Hawkins did not present his claim to the trial court; therefore, we must determine whether he waived error.

As a prerequisite to presenting a complaint for review, the record must demonstrate the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; the record must further show the trial court either ruled or refused to rule over the complaining party's objection. TEX.R.APP. P. 33.1(a). In this case, the trial court would have been aware of the circumstances which give rise to the claim, but not that Hawkins sought any relief from the trial court for the violation of his constitutional rights.

It has long been the rule that constitutional errors may be waived or forfeited by the failure to make a timely and specific assertion of the right. *Boulware v. State,* 542 S.W.2d 677 (Tex.Crim.App.1976). More recently, the Court of Criminal Appeals recognized an accused possesses three distinct types of rights with regard to waiver: (1) absolute systemic rights which cannot be waived under any circumstances; (2) automatically implemented but waivable rights which require express waiver; and (3) forfeitable rights implemented only upon request by the litigants, which are otherwise waived. *Marin v. State,* 851 S.W.2d 275, 279 (Tex. Crim.App.1993), *overruled on other grounds by Cain v. State,* 947 S.W.2d 262 (Tex.Crim. App.1997). *See also Ex parte McJunkins,* 954 S.W.2d 39, 40 (Tex.Crim.App.1997).

■ Most constitutional claims cannot be raised on direct appeal unless they were timely presented to the trial court. Over the years, virtually every conceivable error of constitutional dimension has been held to be subject to procedural default. Among cases holding particular constitutional rights have been forfeited by non-assertion, we find: *Gray v. Netherland,* 518 U.S. 152, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996) (due process-notice of intent to use evidence); *Francis v. Henderson,* 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976) (grand jury composition); *Estelle v. Williams,* 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976) (trial in prison garb); *Hatch v. State,* 958 S.W.2d 813 (Tex. Crim.App.1997) (trial by jury of 12); *Cockrell v. State,* 933 S.W.2d 73, 89 (Tex.Crim.App. 1996), *cert. denied,* — U.S. ——, 117 S.Ct. 1442, 137 L.Ed.2d 548 (1997) (jury argument); *Jenkins v. State,* 912 S.W.2d 793, 815 (Tex.Crim.App.1993) (confrontation)(opinion on reh'g); *Curry v. State,* 910 S.W.2d 490, 496 (Tex.Crim.App.1995) (vague statute); *Broxton v. State,* 909 S.W.2d 912, 918 (Tex. Crim.App.1995) (due process-extraneous offense); *Sterling v. State,* 800 S.W.2d 513, 521 (Tex.Crim.App.1990) (due process-delayed magistratizing); *Briggs v. State,* 789 S.W.2d 918, 924 (Tex.Crim.App.1990) (confrontation);

*Rezac v. State,* 782 S.W.2d 869, 870 (Tex. Crim.App.1990) (revealing invocation of right to counsel); *Mathews v. State,* 768 S.W.2d 731 (Tex.Crim.App.1989) (peremptory challenges); *Little v. State,* 758 S.W.2d 551, 564 (Tex.Crim.App.1988) (involuntary confession); *Perry v. State,* 703 S.W.2d 668, 673 (Tex.Crim.App.1986) (due process-suggestive lineup); *Rogers v. State,* 640 S.W.2d 248, 265 (Tex.Crim.App.1981)(opinion on 2nd reh'g) (due process-conducting punishment hearing); *Boulware v. State,* 542 S.W.2d at 679 (excusal of venireperson) *Hernandez v. State,* 538 S.W.2d 127, 129 (Tex.Crim.App.1976) (illegally seized evidence); *Lee v. State,* 952 S.W.2d 894, 898–99 (Tex.App.—Dallas 1997, no pet.) (reporting religious activities); *McGowan v. State,* 938 S.W.2d 732, 736 (Tex. App.—Houston [14th Dist.] 1996, pet. granted) (statute unconstitutional as applied); *Hall v. State,* 937 S.W.2d 580, 586 (Tex. App.—Texarkana 1996, pet. ref'd) (accomplice witness instruction); *Cole v. State,* 931 S.W.2d 578, 580 (Tex.App.—Dallas 1995, pet. ref'd) (due process-stating reasons for adjudication); *Wright v. State,* 930 S.W.2d 131, 133 (Tex.App.—Dallas 1996, no pet.) (cruel and unusual punishment and equal protection); *Cacy v. State,* 901 S.W.2d 691, 698 (Tex. App.—El Paso 1995, pet. ref'd) (revealing invocation of constitutional rights); *Terrell v. State,* 891 S.W.2d 307, 311 (Tex.App.—El Paso 1994, pet. ref'd) (due process-illegal confession); *Gillum v. State,* 888 S.W.2d 281, 286 (Tex.App.—El Paso 1994, pet. ref'd) (due process-lying venireperson).

A few constitutional rights are so integral to the operation of the system that inaction will not result in waiver. Cases recognizing automatically implemented rights forfeited only by express waiver include: *Marin v. State,* 851 S.W.2d at 280 (10 day preparation for trial); *Meek v. State,* 851 S.W.2d 868, 870 (Tex.Crim.App.1993) (written waiver of jury trial); *Goffney v. State,* 843 S.W.2d 583, 585 (Tex.Crim.App.1992) (right to counsel).

Finally, the Court of Criminal Appeals has identified a separate class of rights which cannot be waived and the deprivation of which may be raised for the first time on appeal. Cases in which the court identified fundamental systemic rights include: *Ieppert*

*v. State,* 908 S.W.2d 217, 220 (Tex.Crim.App. 1995) (ex post facto law); *Rabb v. State,* 730 S.W.2d 751, 752 (Tex.Crim.App.1987) (facial validity of statute); *Kieschnick v. State,* 911 S.W.2d 156, 162 (Tex.App.—Waco 1995, no pet.) (opinion on reh'g) (reasonable doubt instruction).

■ The San Antonio Court of Appeals held *California v. Trombetta* claims belong in the class of rights waived by non-assertion. *Garay v. State,* 954 S.W.2d 59, 67 (Tex. App.—San Antonio 1997, pet. ref'd). Those cases which address the merits of claims regarding loss, destruction, or failure to preserve evidence under *California v. Trombetta* or *Arizona v. Youngblood* have been first presented to the trial court. *Cook v. State,* 940 S.W.2d 623, 627 (Tex.Crim.App.1996), *cert. denied,* —— U.S. ——, 118 S.Ct. 75, 139 L.Ed.2d 35 (1997) (pre-trial habeas); *Williams v. State,* 946 S.W.2d 886, 890 (Tex. App.—Waco 1997, no pet.) (motion to dismiss); *Burke v. State,* 930 S.W.2d 230, 235 (Tex.App.—Houston [14th Dist.] 1996, pet. ref'd) (objection to video without audio); *Johnson v. State,* 913 S.W.2d 736, 737 (Tex. App.—Waco 1996, no pet.) (motion for new trial); *Williams v. State,* 906 S.W.2d 58, 60 (Tex.App.—Tyler 1995, pet. ref'd) (motion to produce); *Lee v. State,* 893 S.W.2d 80, 87 (Tex.App.—El Paso 1994, no pet.) (motion to dismiss indictment); *Pachecano v. State,* 881 S.W.2d 537, 542–43 (Tex.App.—Fort Worth 1994, no pet.) (motion to strike testimony and request for jury instruction); *Carmona v. State,* 880 S.W.2d 227, 231 (Tex.App.—Austin 1994), *reversed on other grounds,* 941 S.W.2d 949 (Tex.Crim.App.1997) (federal claim presented to trial court). We hold the claims presented by Hawkins for the first time on appeal involve constitutional rights implemented only upon request. Since he sought no relief from the trial court, he may not complain on appeal of the trial court's failure to protect or implement those rights. If the State's investigative procedure violated his right to due process and a fundamentally fair trial, Hawkins's remedy is through post-conviction writ of habeas corpus. *See Ex parte Mowbray,* 943 S.W.2d 461 (Tex.Crim.App. 1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 2513, 138 L.Ed.2d 1016 (1997); *Ex parte Brandley,* 781 S.W.2d 886, 887 (Tex.Crim.

App.1989); *Ex parte Adams*, 768 S.W.2d 281 (Tex.Crim.App.1989). Point of error one is overruled.

The second point of error contends: "The trial court abused its discretion in not granting defendant's Motion for New Trial based on the fact that material evidence favorable to the accused had been discovered since trial." Trial was had February 21, 1996. During the motion for new trial hearing, Hawkins offered the testimony of Rusty Sirmons, who testified that while visiting with Hawkins on May 22 or May 23, he realized he had seen Hawkins the night of the offense. Sirmons saw Hawkins drinking coffee at the VFW hall, and when he left Sirmons saw someone "running up beside [Hawkins] and stuff." Hawkins contends this evidence corroborates his explanation to the officers that he entered the park because someone was chasing him, and also corroborates his claim that he stopped drinking alcohol and started drinking coffee while at the VFW hall.

█ "A new trial shall be granted an accused where *material* evidence favorable to the accused has been discovered since trial." TEX.CODE CRIM. PROC. ANN. art. 40.001 (Vernon Supp.1998)(emphasis added). The value of Sirmons's testimony lies in its corroboration of the testimony of an interested witness. The corroborative nature of this evidence does not, in and of itself, establish its materiality. The game warden approached Hawkins because Hawkins drove into the park at a high rate of speed. Supplying a reason for driving at a high rate of speed does not affect the propriety of the officer's decision to approach the vehicle, or his later conclusion that Hawkins was intoxicated. Sirmons corroborated Hawkins's claim that he switched from drinking alcohol to drinking coffee before he left the VFW hall, but Hawkins admitted at trial that he had been drinking alcohol that night, so the fact that he drank some coffee before driving home is of very limited probative value on the issue of whether Hawkins was intoxicated.

We find that the trial court did not abuse its discretion in overruling Hawkins's motion for new trial. Hawkins failed to demonstrate the evidence was material and probably would have brought about a different result. Sirmons could corroborate Hawkins's reason for driving fast and that he tried to sober up before driving. These are collateral issues which bear only indirectly on the contested issue in the case, which was whether Hawkins drove a motor vehicle while not having the normal use of his mental or physical faculties by reason of the introduction of alcohol into his body. Point of error two is overruled.

█ The final point of error urges: "The trial court erred in not granting defendant's motion for new trial based on the fact that the jury has engaged in such misconduct that the accused has not received a fair and impartial trial as required by Tex.R.App. P. 30(b)(8)." When the court polled the jury, one juror, Velma Frazier, responded "Yes, sir, from the beginning." Hawkins did not secure Frazier's testimony at the motion for new trial hearing, so the only evidence of misconduct is the comment itself, which Hawkins argues meant Frazier had her mind made up since the beginning of the trial. The juror did not admit she reached her individual verdict any time before jury deliberations commenced, and her comment could have been a reference to the jury deliberations rather than to the entire trial. That statement alone does not establish "the jury has engaged in such misconduct that the defendant did not receive a fair and impartial trial." TEX.R.APP. P. 21.3(g). We hold the trial court acted within its discretion in overruling the motion for new trial. Point of error three is overruled.

We affirm the judgment and sentence of the trial court.

AFFIRMED.