NUMBER 13-99-626-CR

 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI

 ____________________________________________________________________ 



WOODY RICHARD STUART, Appellant, 



v.

 

THE STATE OF TEXAS, Appellee. 

____________________________________________________________________ 



On appeal from the 347th District Court of Nueces County, Texas. 

____________________________________________________________________ 



O P I N I O N

 

Before Justices Hinojosa, Chavez, and Rodriguez

 Opinion by Justice Hinojosa

 

 Appellant, Woody Stuart, pleaded guilty on September 14, 1998, to the offense of unauthorized use of a motor
vehicle.(1) Joaquin Villarreal, Judge of the 347th District Court of Nueces County, accepted appellant's plea, found him
guilty and assessed his punishment at one year in a state jail facility and the payment of restitution in the amount of
$10,000. The sentence was suspended, and appellant was placed on community supervision for two years. The State
later moved to revoke appellant's community supervision, alleging he had: (1) failed to report to his community
supervision officer, (2) failed to pay restitution, court costs and fees, and (3) failed to complete 120 hours of
community service. At the revocation hearing on August 31, 1999, appellant pleaded true to the State's allegations,
and Judge Villarreal ordered that appellant serve his original sentence of one year in a state jail facility. Appellant
timely filed a notice of appeal. The sole issue presented by appellant for our review is "whether or not the appellant
was denied a fair and impartial judge during the hearing of a motion to revoke his probation and thereby due process of
law." 

 A defendant may appeal from a revocation of his community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, §
23(b) (Vernon Supp. 2000). Because appellant complains that Judge Villarreal made "inappropriate and biased"
remarks during the revocation hearing, we set out the relevant parts of the reporter's record.(2) After appellant admitted
he still had not paid any of the money he owed, the following colloquy occurred: The Court: The -- Let me tell you
another thing that I noticed about people like you. They don't come up and say, Judge -- did you see this lady that was
here before you.



Appellant: Yes, sir. 



The Court: She paid everything before she came up before me. You are telling me "if." 



Appellant: No, sir. I will. 



The Court: You made the payment already? Have you paid the thousand dollars that I was told you were going to
pay? Have you paid anything at all? 



Appellant: No, sir. 



The Court: You follow a pattern of all people like you. They come up to me and say, Judge, if you place me -- keep me
on probation, I will come up with the money. They don't come up to me and say, Judge, here is my money. Have mercy
on me.



*************

 

The Court: I bet you that if I send you to the penitentiary you ain't going to pay the restitution. You ain't going to pay
nothing. I would be willing to bet you because it happens all the time. I've been a judge since '81. I know every story
there is, man.



************

 

The Court: I see here that you've been in the criminal justice system since 1988. You were arrested for burglary of a
habitation. There was a city warrant for seven violations. There was stolen property, possession of controlled
substance. Then the same -- apparently, you were placed on five years deferred adjudication. There was an evading
arrest that you were placed on probation for. There was a motion to revoke. There was a speeding; no liability
insurance. There was a prohibited weapon arrest. 



Appellant: I don't -- I have nothing on that. 



The Court: I am just reading what's on your thing here. There was an assault [sic]Portland police officer; criminal
trespass; unauthorized use of a motor vehicle in McClendon County. It's not this one. It's another evading arrest in
McClendon County. 



Appellant: That was dropped.



The Court: Now this one.



Appellant: Those were dropped, Your Honor. Only ones that was pending -- 



The Court: Well, what you need to do is sue whoever arrested you because they will follow you until you die. These
arrests are documented somewhere. I didn't make them up.



Appellant: I understand. 



The Court: I am trying to tell you that I have no pity on you. 



*************

 

Appellant: . . . I promise you that you will never see me in another court.



The Court: I am never going to see you again, Mr. Stuart, because I am stepping down myself. So I'll never see you
again, not as a judge, anyway.



 Appellant contends these remarks show the trial court "is either biased against the entire class of criminal defendants
or 'totally burned out.'" Appellant claims he was denied the fundamentally fair trial guaranteed by the due process
clause of the Fourteenth Amendment. 

 The fundamental fairness doctrines of due process apply to probation revocation proceedings. Wright v. State, 640
S.W.2d 265, 269 (Tex. Crim. App. 1982); Wester v. State, 542 S.W.2d 403, 406 (Tex. Crim. App. 1976). However, as
a prerequisite to presenting a complaint for appellate review, the record must show: (1) that the complaint was made
known to the trial court in a timely fashion and with sufficient specificity to make the trial court aware of the
complaint, and (2) that the trial court ruled or refused to rule on the complaint. Tex. R. App. P. 33.1(a); Wilson v.
State, 7 S.W.3d 136, 144 (Tex. Crim. App. 1999). The record clearly shows appellant failed to object to the trial
judge's comments. 

 A defendant may waive any trial error, even virtually all constitutional errors, by failing to object properly or to
request appropriate relief. Little v. State, 758 S.W.2d 551, 563-64 (Tex. Crim. App. 1988); see also, Hawkins v. State,
964 S.W.2d 767, 770-71 (Tex. App.--Beaumont 1993, pet ref'd) (due process complaints may be waived by
non-assertion). An appellant who fails to voice any due process objection to the procedures used by the trial court in a
probation revocation waives his complaint. See Rogers v. State, 640 S.W.2d 248, 265 (Tex. Crim. App. [Panel Op.]
1982) (2nd op. on reh'g);see also Issa v. State, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992);Baxter v. State, 936
S.W.2d 469 (Tex. App.--Fort Worth 1996), pet. dism'd, 960 S.W.2d 82 (Tex. Crim. App. 1998)(the contemporaneous
objection rule applies to alleged violations of due process in probation revocation hearings). 

 Because appellant did not object to the trial court's comments, we hold his due process complaint has not been
preserved for appellate review. We overrule appellant's sole issue. 

 The judgment of the trial court is affirmed. 

FEDERICO G. HINOJOSA 

Justice 



Do not publish. Tex. R. App. P. 47.3. 



Opinion delivered and filed this the 

31st day of August, 2000. 



1. Tex. Pen. Code Ann. § 31.07 (Vernon 1994).

2. The parts of the record specifically cited by appellant are italicized; the additional parts are included by this Court
for completeness.