Ramon Eugene Gibbs v. State of Texas
















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-029-CR

     RAMON EUGENE GIBBS,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 185th District Court
Harris County, Texas
Trial Court # 846,215
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                
      A jury convicted Ramon Eugene Gibbs of aggravated robbery. The trial court found the
single enhancement allegation of a prior felony true. The court assessed his punishment at thirty
years’ imprisonment. Gibbs claims in two points that: (1) the evidence is legally and factually
insufficient to sustain the conviction; and (2) the thirty-year sentence imposed by the trial court
is cruel and unusual punishment.
Legal and Factual Insufficiency
      In Gibbs’s first point he argues the legal and factual insufficiency of the evidence. 
Specifically, Gibbs urges that the trial court abused its discretion in denying his motion for
instructed verdict.
      A challenge to the trial court's ruling on a motion for an instructed verdict is in actuality a
challenge to the legal sufficiency of the evidence to support the conviction. Godsey v. State, 989
S.W.2d 482, 488 (Tex. App.—Waco 1999, pet. ref’d). In reviewing a claim of legal
insufficiency, we view the evidence in a light most favorable to the verdict and determine whether
any rational trier of fact could have found the essential element beyond a reasonable doubt. See
Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000) (citing Jackson v. Virginia, 443 U.S.
307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979)). We resolve any inconsistencies
in the evidence in favor of the verdict. Id.
      In the present case, the store owner testified that on the evening of May 31, 2000, Gibbs and
two other men entered his store. Gibbs placed a bag of chips on the counter and demanded
money. He pointed a gun at a store employee and at the store owner himself. The store owner
testified that he fired a gun at Gibbs in self-defense before Gibbs fled the store. The store owner
and employee both identified Gibbs at trial as one of the armed men in the store. A wrecker driver
passing the store at the time of the robbery testified that he saw three men leaving the store
simultaneously. The wrecker driver also identified Gibbs at trial as one of the men leaving the
store carrying a pistol. The driver stated that Gibbs ran across the parking lot to a ditch, where
he disposed of the pistol, and left the scene in the same car as the other two men.
       The State presented eyewitness testimony identifying Gibbs as one of the men involved in the
robbery.


 Viewing these eyewitness accounts in the light most favorable to the verdict, we find
that the evidence is legally sufficient to sustain the conviction for aggravated robbery.
      When presented with a factual insufficiency claim, we discard the prism of the light most
favorable to the verdict. Johnson v. State, 23 S.W.3d 1, 6-7 (Tex. Crim. App. 2000); Clewis v.
State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). We “set aside the verdict only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.” Johnson,
23 S.W.3d at 7 (quoting Clewis, 922 S.W.2d at 129). This occurs when “the proof of guilt is so
obviously weak as to undermine confidence in the jury’s determination, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof.” Id. at 11.
      We consider all the evidence in the record related to the contested issue, “not just the evidence
which supports the verdict.” Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997);
accord Johnson, 23 S.W.3d at 11. We review the evidence tending to prove the issue, “and
compare it to the evidence which tends to disprove that [issue].” Id.; accord Johnson, 23 S.W.3d
at 7. We give appropriate deference to the jury's decision and do not substitute our judgment for
theirs. Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997); accord Johnson, 23 S.W.3d
at 7. We do not set aside the “verdict merely because [we] feel that a different result is more
reasonable.” Clewis, 922 S.W.2d at 135 (quoting Pool v. Ford Motor Co., 715 S.W.2d 629, 634
(Tex. 1986)); accord Cain, 958 S.W.2d at 407.
      The record shows that the store owner and store employee both identified Gibbs at trial as the
armed man who entered the store. The owner stated that Gibbs approached the store counter with
a gun and demanded money. The owner then shot Gibbs before he fled the store. The State’s
evidence shows that Gibbs refused to explain his gunshot injury to police or hospital personnel
during his treatment on the night of the robbery. The store owner also identified Gibbs at the
hospital as one of the robbers. At trial, the investigating officer testified that he interviewed Gibbs
the day after the robbery. After Gibbs was admonished of his legal rights, he admitted his
involvement in the robbery to the officer, including possessing a gun. Also at trial, the wrecker
driver testified that he saw Gibbs fleeing the store with two other men. He saw Gibbs dispose of
a pistol before driving away with the two other men.
      Gibbs testified on his own behalf at trial. His version of the events differed from the State’s
evidence. He testified that he stopped at the store alone to buy a snack. He stated that while in
a store aisle he heard gunshots and turned around toward the counter to see the owner holding a
gun. Gibbs contends he was unarmed at all times. He testified that the store owner shot him, and
he then fled the store alone, driving himself to the hospital. Upon arriving at the hospital he was
in shock, and did not understand hospital staff or police questioning. Further, he stated that he
does not know why the police officers, store owner, and wrecker driver would “lie” about the
events of the robbery.
      The jury chose to believe the testimony and credibility of the state’s witnesses over that of
Gibbs himself. Considering all the evidence in the record, the jury finding of guilt is not so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.
Accordingly, we conclude that the evidence is factually sufficient to support the verdict. We
overrule Gibbs’ first point of error.
Cruel and Unusual Punishment 
      In Gibbs’s second point, he argues that a thirty-year prison sentence for aggravated robbery
imposes cruel and unusual punishment in violation of the Eighth Amendment to the United States
Constitution and article I, section 13, of the Texas Constitution. 
      Gibbs did not preserve the alleged error for review. In order to preserve a complaint for
appellate review, a party must present a timely complaint to the trial court, state the specific
grounds for the desired ruling (if not otherwise apparent), and obtain a ruling. Tex. R. App. P.
33.1(a)(1)(A); Rhoades v. State, 934 S.W.2d 113, 119-20 (Tex. Crim. App. 1996). Most
constitutional errors may be waived or forfeited by the failure to make a timely assertion of that
right. See Hawkins v. State, 964 S.W.2d 767 (Tex. App.—Beaumont 1998, pet. ref’d). The
courts have held that any error in regard to a cruel and unusual punishment claim under the Eighth
Amendment or the Texas Constitution is waived without a timely objection to the sentence
imposed. See Rhoades at 934 S.W.2d 120; Solis v. State, 945 S.W.2d 300, 301 (Tex.
App.—Houston [1st Dist.] 1997, pet. ref’d); Keith v. State, 975 S.W.2d 433, 33-34 (Tex.
App.—Beaumont 1998, no pet).
      In this case, Gibbs raised no objection to the imposition of sentence at trial, nor did he raise
a claim of cruel and unusual punishment in a motion for new trial. Under these circumstances,
we hold that error was not preserved. We overrule Gibbs’s second point of error.
      We affirm the judgment.
 
                                                                   REX D. DAVIS
                                                                   Chief Justice

Before Chief Justice Davis,
      Justice Vance, and 
      Justice Gray
Affirmed
Opinion delivered and filed October 17, 2001
Do not publish
[CRPM]