NUMBER
13-04-377-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF TEXAS

                         CORPUS
 CHRISTI B EDINBURG

 

RAUL RAYMOND
CASAREZ,                                                          Appellant,

                                                             v.

THE STATE OF TEXAS,                                                                    Appellee.

 

 

                     On appeal from the 156th
District Court

                                           of
Bee County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Hinojosa and Rodriguez

 

      Opinion by Chief
Justice Valdez

 

 

 








Appellant, Raul Raymond Casarez, appeals the trial
court=s revocation of his probation and imposition of a
sentence of eight years= imprisonment. 
In one issue, he alleges that the trial court abused its discretion and
denied him due process of law when it refused to consider evidence favorable to
the defendant and imposed a Apre-determined@ sentence.

Standard of Review

A defendant may appeal from a revocation of his
community supervision. Tex. Code Crim.
Proc. Ann. art. 42.12, ' 23(b) (Vernon
Supp. 2004-05).    Appellate review of an
order revoking community supervision is limited to a determination of whether
the court abused its discretion.  See
Flournoy v. State, 589 S.W.2d 705, 709 (Tex. Crim. App. [Panel Op.] 1979).

Analysis

Due process requires that a neutral and detached
judge preside over probation revocation proceedings. See Gagnon v. Scarpelli,
411 U.S.
778, 786 (1973); Wright v. State, 640 S.W.2d 265, 269 (Tex. Crim. App.
1982).  

Appellant specifically complains about the following
exchange at his probation revocation hearing: 

Appellant:
      I was asking for a second chance
for, you know B

The
Court:      I don=t give second chances on robbery.  I=m sorry. It=s a terrible crime you committed.

Appellant:
      I got a drug problem, ma=am, and I=m trying to help myself.

The
Court:      I know.  Drugs are terrible.  I don=t disagree with you. 
But I don=t give second chances on robbery.  








Appellant argues that these statements by the court
demonstrate that the judge arbitrarily refused to consider mitigating evidence
or the full range of punishment, and in fact imposed a sentence that was
predetermined by her own bias. 

However, as a prerequisite to presenting a complaint
for appellate review, the record must show (1) that the complaint was made
known to the trial court in a timely fashion and with sufficient specificity to
make the trial court aware of the complaint, and (2) that the trial court ruled
or refused to rule on the complaint.   Tex. R. App. P. 33.1(a); Wilson v.
State, 7 S.W.3d 136, 144 (Tex. Crim. App. 1999). 

 The record
clearly shows appellant failed to object to the trial judge's comments.  A defendant may waive any trial error, even
virtually all constitutional errors, by failing to object properly or to request
appropriate relief.  Little v. State,
758 S.W.2d 551, 563‑64 (Tex. Crim. App. 1988); see also Hawkins v.
State, 964 S.W.2d 767, 770‑71 (Tex. App.BBeaumont 1993, pet. ref'd) (due process complaints
may be waived by non‑assertion). 
An appellant who fails to voice any due process objection to the
procedures used by the trial court in a probation revocation waives his
complaint.  See Rogers v. State,
640 S.W.2d 248, 265 (Tex. Crim. App. [Panel Op.] 1982) (op. on reh'g); Baxter
v. State, 936 S.W.2d 469, 471 (Tex. App.BFort
Worth 1996), pet. dism'd, 960 S.W.2d 82 (Tex. Crim. App. 1998) (the
contemporaneous objection rule applies to alleged violations of due process in
probation revocation hearings).  Because
appellant did not object to the trial court's comments, we conclude his due
process complaint has not been preserved for appellate review.

Conclusion

We overrule appellant's sole issue.  The judgment of the trial court is
affirmed.  

   

    








 

 

 

                                           

Rogelio Valdez,

Chief Justice

 

 

 

 

Do not publish.

Tex. R. App. P. 47.2(b). 

 

Memorandum Opinion delivered and filed

this 14th day of July, 2005.