In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-226 CR


____________________



KIHEEM GRANT, AKA SHAWN ATKINS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 89888






 MEMORANDUM OPINION 


 A jury convicted appellant Kiheem Grant, aka Shawn Atkins, (hereafter "Grant") of
aggravated robbery, enhanced by a prior felony conviction. Tex. Pen. Code Ann. §
12.42(c)(1) (Vernon Supp. 2005); Tex. Pen. Code Ann. § 29.03(a)(2) (Vernon 2003). The
jury sentenced Grant to life imprisonment and assessed a $10,000 fine. In two issues, Grant
asserts the jury panel was not sworn prior to voir dire pursuant to Tex. Code Crim. Proc.
Ann. art. 35.02 (Vernon 1989), and Tex. R. App. P. 44.2(c)(2) is unconstitutional "as
applied" to him because it denies him a meaningful review of his constitutional right to trial
by jury. Because Grant has not challenged the sufficiency of the evidence, we will not
discuss the details of the offense except when discussing the issues presented. Finding no
error, we affirm.

 In issue one, Grant argues the record does not show the jury was sworn prior to voir
dire pursuant to Tex. Code Crim. Proc. Ann. art. 35.02. Grant argues, and the record
supports, that "[o]nce the venire panel entered the courtroom of the Criminal District Court,
the trial court began introductions, provided the venire panel with a brief overview of the
proceedings, and then allowed the attorneys to proceed with questions." 

 Article 35.02 provides: 

 To those present the court shall cause to be administered this oath:
"You, and each of you, solemnly swear that you will make true answers to
such questions as may be propounded to you by the court, or under its
directions, touching your service and qualifications as a juror, so help you
God." 


Tex. Code Crim. Proc. Ann. art. 35.02. "[T]he jury is to be sworn before the voir dire
examination begins; therefore, any statements or answers given by prospective jurors during
voir dire are given under oath." Duffy v. State, 567 S.W.2d 197, 200 (Tex. Crim. App. 1978). 
 The Texas Rules of Appellate Procedure create presumptions of regularity in lower
court proceedings that require us to presume:

 (1) that venue was proved in the trial court;

 (2) that the jury was properly impaneled and sworn;

 (3) that the defendant was arraigned;

 (4) that the defendant pleaded to the indictment or other charging instrument; 
and

 (5) that the court's charge was certified by the trial court and filed by the clerk
before it was read to the jury. 


Tex. R. App. P. 44.2(c). Pursuant to Tex. R. App. P. 44.2(c)(2), we must presume the jury
was properly impaneled and sworn, unless such matter was disputed in the trial court or the
record affirmatively shows the contrary. See also Osteen v. State, 642 S.W.2d 169, 171 (Tex.
Crim. App. 1982); Faison v. State, 59 S.W.3d 230, 237 (Tex. App.--Tyler 2001, pet. ref'd).
Texas case law has consistently applied this presumption when faced with a silent record. 
See Duffy, 567 S.W.2d at 201 (silent record did not affirmatively reflect prospective jurors
were not properly sworn prior to voir dire). 

 In Grant's case, the record is silent as to whether the oath was administered prior to
voir dire. Because the record is silent, this Court must presume the jury was properly sworn. 
Tex. R. App. P. 44.2(c)(2). Furthermore, we note Grant did not object to a failure to
administer the oath to the jury panel. Therefore, this error was not preserved for our review. 
Tex. R. App. P. 33.1(a). Issue one is overruled.

 In issue two, Grant argues Tex. R. App. P. 44.2(c)(2) is unconstitutional "as applied"
to him because it denies him a meaningful review of his constitutional right to trial by jury
in violation of Tex. Const. art. I, § 15. To preserve a complaint for appellate review, a party
must make a timely objection in the trial court. Wilson v. State, 71 S.W.3d 346, 349 (Tex.
Crim. App. 2002); Tex. R. App. P. 33.1(a).

 With few exceptions not applicable here, even constitutional complaints may be
waived by the failure to timely object in the trial court. Briggs v. State, 789 S.W.2d 918, 924
(Tex. Crim. App. 1990); Hawkins v. State, 964 S.W.2d 767, 769-771 (Tex. App.--Beaumont
1998, pet. ref'd). A contention that a statute (1) is unconstitutional as applied must be asserted
in the trial court or it is waived. See Curry v. State, 910 S.W.2d 490, 496 n.2 (Tex. Crim.
App. 1995) (citing Garcia v. State, 887 S.W.2d 846, 861 (Tex. Crim. App. 1994)); Coggin
v. State, 123 S.W.3d 82, 89 (Tex. App.--Austin 2003, pet. ref'd). 

 The record indicates Grant made no objection in the trial court complaining of the
constitutionality of Tex. R. App. P. 44.2(c). This issue was not preserved for review. Issue
two is overruled. 

 AFFIRMED.


 ___________________________

 HOLLIS HORTON

 Justice


Submitted on May 30, 2005

Opinion Delivered July 27, 2005

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. Rules of procedure have the same force and effect as statutes. See In re City of
Georgetown, 53 S.W.3d 328, 332 (Tex. 2001).