PHILLIPS v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-313-CR

TOMMY VAUGHAN PHILLIPS APPELLANT

A/K/A TOMMY PHILLIPS

V.

THE STATE OF TEXAS STATE

------------

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Tommy Vaughan Phillips appeals from his conviction for felony  driving while intoxicated (DWI).  After Appellant pled guilty to the charged offense, the trial court assessed his punishment at eight years’ confinement. We will affirm.

In his sole issue, Appellant complains the trial court erred by forcing him to take a breath test before trial to determine if he was intoxicated in the courtroom, and this error violated his rights against self-incrimination guaranteed by the United States and Texas Constitutions.

Background

Appellant’s case was set for trial on August 10, 2005, at which time Appellant was scheduled to enter an open plea of guilty and the court would hear evidence and assess punishment.  At the beginning of that hearing, the court stated,

[I]t has been brought to my attention that Mr. Phillips has had intoxicating beverages that would perhaps prevent him from understanding what is going on here in the courtroom.  And to make certain that he has due process, I’m prepared to hear remarks from the assistant DA and from [Appellant’s counsel] and potentially testimony with regard to Mr. Phillips.

The State then called Trooper Terry Lee who testified that the district attorney’s office had requested that he come to the courtroom prior to the hearing that day and perform a preliminary breath test on Appellant using a portable breath testing unit.  After Trooper Lee stated his credentials regarding performing tests to determine a person’s intoxication, the State asked him to opine, without stating the specific reading from the breath test, whether Appellant was intoxicated.  Trooper Lee testified that although Appellant had been cooperative in the testing, he was intoxicated as he sat in the courtroom.
(footnote: 2) On cross-examination by Appellant’s counsel, Trooper Lee acknowledged that Appellant’s speech sounded rather normal, but stated that he would be intoxicated under the standards for DWI.  No other witnesses were called to testify on the issue of whether Appellant was too impaired to knowingly enter a guilty plea.

The trial judge then granted the State’s motion to declare Appellant’s bond insufficient and reset the case for the following afternoon, informing Appellant,  

[T]he judicial system does everything it can to protect the constitutional rights of defendants.  And in the event a person comes in here and doesn’t know completely what they’re doing, I’m not going to take their plea.  And I’m not sure, based upon the evidence that I’ve had, that you would be fully understanding all your constitutional rights, that you would fully understand what you were doing with regard to the plea that’s about to be before the court.  

So therefore, I’m going to reset the case tomorrow, and I’ll come to my own conclusion tomorrow at 1:30 as to whether or not you are intoxicated at that point. 

Appellant’s counsel did not object to Trooper Lee being asked to perform the sobriety tests, to the testing procedure, to any of the testimony of Trooper Lee, to the trial court’s granting the State’s motion to declare the bond insufficient, to the court’s explanation to Appellant, or to the court’s action in resetting the case for the following afternoon, August 11.

At the hearing on August 11, Appellant’s counsel informed the court that he was satisfied Appellant knew and understood what he was doing in court on that day.  After Appellant was sworn in, the following dialogue ensued:

THE COURT:  And do you understand what you’re doing here today?

THE DEFENDANT:  Yes, sir.

THE COURT:  And you understand we continued this from yesterday because you may have been impaired as a result of intoxicating beverages?

THE DEFENDANT:  Yes, sir.

THE COURT:  Are you sober today?

THE DEFENDANT:  Yes, sir.

THE COURT:  And you know what you’re doing here today?

THE DEFENDANT:  Yes, sir.

After this discussion, which occurred without objection from Appellant’s counsel, Appellant entered his plea of guilty, and the court heard punishment evidence.
(footnote: 3)  The State requested that the court take judicial notice of the contents of the court’s file, “particularly with regard to the order for the insufficient bond yesterday and the events that transpired yesterday.”  Appellant did not object to the State’s request, which the court granted. 

Discussion

In his sole issue on appeal, Appellant contends that forcing him to take a breath test when he appeared at the scheduled August 10 trial setting violated his rights against self-incrimination guaranteed by the United States and Texas Constitutions.  
See
 
U.S. Const.
 amend. V; 
Tex. Const.
 art. I, § 10.  Appellant acknowledges that his counsel never objected to the procedure before, during, or after either of the two court hearings.  However, Appellant contends that the privilege against self-incrimination is “self-executing” and is “fundamental” error, and that the merits of his complaint should be addressed by this court. 

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  An objection must be made as soon as the basis for the objection becomes apparent.  
Tex. R. Evid.
 103(a)(1);
 Lagrone v. State
, 942 S.W.2d 602, 618 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 917 (1997); 
Polk v. State
, 729 S.W.2d 749, 753 (Tex. Crim. App. 1987).
  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P.
 33.1(a)(2); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

Most constitutional errors are forfeited by the failure to object at trial.  
Mendez,
 138 S.W.3d at 342
; Curry v. State,
 910 S.W.2d 490, 496 & n.2 (Tex. Crim. App. 1995)
.
(footnote: 4)  
“Except for complaints involving systemic (or absolute) requirements, or rights that are waivable only, . . . all other complaints, whether constitutional, statutory, or otherwise, are forfeited by failure to comply with Rule 33.1(a).”  
Mendez
, 138 S.W.3d at 342.  
“Fundamental” error is a word that the court of criminal appeals has used to identify complaints that may be raised for the first time on appeal.  
Id.
 at 341.

In support of his assertion that there was no need for him to object to the breath test or to any testimony concerning the results because his privilege against self-incrimination is “self-executing,” Appellant relies upon 
Lykins v. State
, 784 S.W.2d 32 (Tex. Crim. App. 1989).  In that case, Lykins was prosecuted for an assault he committed while an inmate in prison.  
Id.
 at 33-34. The court of criminal appeals held that Lykins’ incriminating oral statement about the assault, made in response to questions from a prison official, was compelled in violation of his Fifth and Fourteenth Amendment rights and could not be used against Lykins at his trial for the assault.  
Id.
 at 37.  The court reasoned that because Lykins would incur a direct penalty under prison regulations for failure to answer a question from prison authorities, he need not invoke his privilege against self-incrimination and did not waive the privilege by merely answering the questions put to him by prison authorities.  
Id.
  

We find 
Lykins
 distinguishable on its facts.  In the instant case, Appellant  has not alleged on appeal that there was any direct penalty that he would have incurred had he refused to submit to the preliminary breath test.  Further, although Trooper Lee testified that the district attorney’s office “requested” that he come to the courtroom to perform a preliminary breath test on Appellant, the record does not reflect whether Appellant submitted to the preliminary breath test because he was ordered or requested to do so (and if so, who ordered or requested this), or simply consented voluntarily to take the test. Accordingly, we disagree with Appellant that the alleged error was “self-executing” and did not require an objection in the trial court for that reason.

Appellant next asserts that the alleged error in forcing him to take a breath test is so “fundamental” that no objection was required.
(footnote: 5)  The court of criminal appeals has stated that its opinion in 
Marin v. State
 was a watershed decision in the law of error preservation, and that questions of “fundamental error” are now considered in its framework.  
Mendez,
 138 S.W.3d at 341; 
Marin v. State
, 851 S.W.2d 275 (Tex. Crim. App. 1993), 
overruled on other grounds by Cain v. State,
 947 S.W.2d 262, 264 (Tex. Crim. App. 1997).  
Marin
 provides,

[A]bsolute requirements and prohibitions, like rights which are waivable only, are to be observed even without partisan request.  But unlike waivable rights, they can't lawfully be avoided even with partisan consent.  Accordingly, any party entitled to appeal is authorized to complain that an absolute requirement or prohibition was violated, and the merits of his complaint on appeal are not affected by the existence of a waiver or a forfeiture at trial.

Marin
, 851 S.W.2d at 280.  A “systemic requirement,” also known as an absolute requirement or prohibition, is a law that a trial court has a duty to follow even if the parties wish otherwise. 
 Mendez
, 138 S.W.3d at 340; 
see Saldano v. State
, 70 S.W.3d 873, 888-89 (Tex. Crim. App. 2002) (listing examples of systemic requirements).  The error-preservation rule does not apply to rights that are waivable only or to absolute systemic requirements, the violation of which may still be raised for the first time on appeal. 
 Marin
, 851 S.W.2d at 280.  We are not persuaded that the error complained of—ordering or requesting Appellant to take a preliminary breath test on the day of trial— involved a systemic right or fundamental error that could not be forfeited absent objection in the trial court. 

In summary, the record reflects that at no time during either of the hearings did Appellant’s counsel object to the fact that the State had requested Trooper Lee to perform a preliminary breath test on Appellant to determine if he was intoxicated while in the courtroom.
(footnote: 6)  Neither did Appellant’s counsel object to the testimony of Trooper Lee regarding his opinion that Appellant was intoxicated in the courtroom on August 10.  Appellant’s counsel did not object to the court continuing the case until the next day due to the trial court’s concern that Appellant might not fully understand what he was doing at the August 10 hearing with regard to Appellant’s proposed guilty plea.  Lastly, Appellant’s counsel did not object when the State asked the court at the beginning of the punishment hearing to take judicial notice of events that transpired in the courtroom the prior day.  Because Appellant failed to object at any point during the proceedings, we hold that he forfeited his right to complain of the fact that he was given a breath test in the courtroom on the day of trial, or of the admission of any evidence relating to the breath test or his alleged intoxication in the courtroom.
(footnote: 7)  
See
 
Tex. R. App. P.
 33.1(a)(1); 
Mosley
, 983 S.W.2d at 265.  We overrule Appellant’s sole issue. 

Conclusion

Having overruled Appellant’s issue, we affirm the judgment of the trial court.

PER CURIAM

PANEL B:  HOLMAN, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  April 6, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Trooper Lee also attempted to conduct a horizontal gaze nystagmus test (HGN), but he was unable to get Appellant to properly perform the test.

3:
In his testimony during the punishment phase, Appellant said that on the evening of August 9 until about 3:30 in the morning on August 10, he and a friend drank half of a “big” bottle of Scotch, and he drank five or six beers.  He admitted that he was intoxicated when he arrived in court on August 10, that he was late for court that day because “I guess I was passed out,” and that his attorney had to come by and get him to go to his court hearing.

4:
See Hawkins v. State
, 964 S.W.2d 767, 769-70 (Tex. App.—Beaumont 1998, pet. ref’d) (listing numerous constitutional rights held to have been forfeited by non-assertion at trial).

5:
Rule of evidence 103(d) provides that “[i]n a criminal case, nothing in these rules precludes taking notice of fundamental errors affecting substantial rights although they were not brought to the attention of the court.”  
Tex. R. Evid.
 103(d). 

6:
As noted earlier, Appellant’s counsel drove Appellant to the August 10 hearing, so counsel was obviously present in the courtroom when the State requested Trooper Lee to perform the preliminary breath test on Appellant. 

7:
As discussed previously, Appellant’s issue asserts his rights against self-incrimination were violated.  In sub-arguments contained within the issue, Appellant also claims the breath test was an invalid search, the test could not be administered to determine whether Appellant had violated a condition of his community supervision, and due process considerations do not allow the administration of the “forced” breath test.  Because Appellant failed to raise any of these contentions in the trial court, they are also forfeited.  
See
 
Tex. R. App. P.
 33.1(a)(1); 
Mosley
, 983 S.W.2d at 265.