IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00153-CR

 

Michael Shane Nobles,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 241st District Court

Smith County, Texas

Trial Court No. 241-1728-05

 



MEMORANDUM  Opinion



 

            Charged with aggravated assault,
Michael Shane Nobles entered an “open plea” of guilty and, waiving his right to
a jury trial, elected to have the trial judge sentence him.  He concedes that
he knew that the range of possible punishments was from 5 to 99 years or life
in prison and a fine up to $10,000.  After the judge reviewed the pre-sentence
investigation report, including attached letters, heard evidence at the
punishment hearing, took judicial notice of a non-prosecution affidavit, and
heard arguments from counsel, he assessed fifty years in prison.

            On appeal, Nobles says the sentence is
disproportionate.  The State disagrees and argues that a sentence falling
within the range of punishment for an offense set by statute does not violate
prohibitions against cruel and unusual punishment.  Moreover, the State
contends that Appellant failed to preserve this issue for review.

            We first address the preservation
issue.  No objection was made at or after sentencing on the grounds that the
sentence was disproportionate.  On appeal, Nobles argues that the state of the
trial record would not have supported such an objection and that it is a proper
issue on appeal.  We disagree.  We believe that the right is a category three
right under Marin, requiring an objection in the trial court.  See Marin
v. State, 851 S.W.2d 275, 279
(Tex. Crim. App. 1993).  Thus, this complaint has been waived.[1] 
Nevertheless, we will address the merits in the event preservation is not
required.  See id. (preservation rules apply to only category three
rights).

            We rely on decisions of the Tyler
Court of Appeals in addressing this issue.  E.g., Willis v. State,
192 S.W.3d 585 (Tex. App.—Tyler 2006, pet. ref’d); Buster v. State, 144
S.W.3d 71 (Tex. App.—Tyler 2004, no pet.).  In determining whether a sentence
is grossly disproportionate, we consider not only the present offense but also
an accused's criminal history.  Buster, 144 S.W.3d at 81 (citing Davis
v. State, 119 S.W.3d 359, 363 (Tex. App.—Waco 2003, pet. ref'd).  The
legislature has the power to define crimes and prescribe penalties.  Id.  Further, if the sentence falls within the limits prescribed by a valid statute,
the punishment is not excessive, cruel, or unusual.  Id.  Texas courts and the Fifth Circuit Court of Appeals require a threshold determination that
the sentence is grossly disproportionate to the crime before addressing the
elements of the Solem test.  Willis, 192 S.W.3d at 596 (citing Solem
v. Helm, 463 U.S. 277, 292, 103 S.Ct. 3001, 3011, 77 L.Ed.2d 637 (1983)
(the proportionality of a sentence is evaluated by considering (1) the gravity
of the offense and the harshness of the penalty, (2) the sentences imposed on
other criminals in the same jurisdiction, and (3) the sentences imposed for
commission of the same crime in other jurisdictions)).

            Nobles argues that the sentence is
disproportionate because he had been convicted of only one other felony, he did
not actually shoot anyone, he suffers from a variety of ailments, and the
victim did not want to prosecute him.  The pre-sentence report noted that
Nobles suffers from Hodgkin’s disease, cancer, anxiety, severe depression, and
insomnia.[2]  The
State points to the nature of the offense—dragging and beating his pregnant
girlfriend with a gun to her head while threatening her life, the enhancement
with a prior felony to which Nobles pled true, the use of a firearm, and the
fact that the punishment falls in the middle of the range set forth by the
Legislature.  The State further points to 12 prior convictions, a severe
drug-abuse problem, and evaluations of high risk for future alcohol abuse, drug
abuse, and violence.

            We agree with the State.  Nobles has not
met the requirement of a threshold determination that the sentence is grossly
disproportionate to the crime.  See id.  Thus, we overrule his issue.

            We affirm the judgment of the trial
court.

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed August 1, 2007

Do
not publish

[CRPM]

 









[1]  In Hernandez v. State, 10 S.W.3d 812
(Tex. App.—Beaumont 2000, pet. ref’d), the court determined that the point on
appeal did not raise systemic issues.  Earlier, that court noted that issues
involving cruel and unusual punishment are subject to procedural default.  Hawkins
v. State, 964 S.W.2d 767, 769 (Tex. App.—Beaumont 1998, pet. ref’d) (citing
Wright v. State, 930 S.W.2d 131, 133 (Tex. App.—Dallas 1996, no pet.)). 





[2]  The trial court ordered that the medical records
from Noble’s time in jail be forwarded to the Texas Department of Criminal
Justice.