IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00206-CR

 

Joseph Ervin Robbins,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 18th District Court

Johnson County, Texas

Trial Court No. F38796

 



MEMORANDUM  Opinion



 








            Joseph Ervin Robbins was charged with
aggravated kidnapping and aggravated robbery.[1]  A
jury convicted Robbins of aggravated robbery and sentenced him to ninety-nine
years in prison.  We affirm.

            In one issue, Robbins contends that
his punishment constitutes cruel and unusual punishment because it is excessive
and a result of passion and prejudice.  Specifically, Robbins argues that a
ninety-nine-year sentence is “understandable” for aggravated kidnapping, but
not aggravated robbery.  This is essentially an argument that the punishment is
disproportionate to the crime.  The State responds that (1) Robbins failed to
preserve this issue for appellate review; and (2) Robbins’s punishment is not
excessive.

         At no time did Robbins object that the
sentence was excessive.  We believe that the right against cruel and unusual
punishment is a category three right under Marin, requiring an objection
in the trial court.  See Marin
v. State, 851
S.W.2d 275, 279 (Tex. Crim. App. 1993).  Robbins’s complaint has
been waived.[2] 
Nevertheless, we will address the merits in the event preservation is not
required.  See id.

         In determining whether a sentence is
grossly disproportionate, we consider not only the present offense but also an
accused’s criminal history.  Buster
v. State, 144
S.W.3d 71, 81 (Tex. App.—Tyler 2004, no pet.) (citing Davis
v. State, 119
S.W.3d 359, 363 (Tex. App.—Waco 2003, pet. ref'd)).  The legislature
has the power to define crimes and prescribe penalties.  Id.  If the
sentence falls within the limits prescribed by a valid statute, the punishment
is not excessive, cruel, or unusual.  Id.  Texas courts and the Fifth
Circuit Court of Appeals require a threshold determination that the sentence is
grossly disproportionate to the crime before addressing the elements of the Solem
test. See Willis
v. State, 192
S.W.3d 585, 596 (Tex. App.—Tyler 2006, pet. ref'd) (citing Solem
v. Helm, 463
U.S. 277, 292, 103 S. Ct. 3001, 3011, 77 L. Ed. 2d 637 (1983) (the
proportionality of a sentence is evaluated by considering (1) the gravity of
the offense and the harshness of the penalty, (2) the sentences imposed on
other criminals in the same jurisdiction, and (3) the sentences imposed for
commission of the same crime in other jurisdictions)).

Having been
acquitted of aggravated kidnapping, Robbins argues that the jury must have
doubted the complainant’s testimony, but was
“inflamed by the passions they had set aside during the guilt/innocence phase
and inflicted nearly the harshest punishment possible.”[3] 
Robbins argues that the sentence is excessive because he suffers from anger
problems, is bipolar, is uneducated, comes from a broken home involving foster
care, conflict, and a disabled mother, was unemployed and homeless at the time
of the offense, and is “scatterbrained.”  

The State points to the fact that Robbins used a
knife against the complainant and threatened to harm and/or kill her, the
complainant was traumatized by the event, Robbins is “predisposed to anger and
violence,” Robbins has been transferred to several different prison units for
“hard-to handle inmates,” and Robbins’s sentence falls within the range of
punishment prescribed by the Legislature.  The State also points to a pending
assault against a fellow inmate, a prior robbery conviction, and a prior
conviction for burglary of a habitation.  

In light of these facts, the jury could have
sentenced Robbins to ninety-nine years in prison without “passion or prejudice”
playing a role in its decision.  We
cannot say that Robbins’s sentence was the result of passion and prejudice.  See Bennett v. State, 831
S.W.2d 20, 23 (Tex. App.—El Paso 1992, no writ) (absent evidence indicating that “the punishment assessed was the
result of and enhanced
by passion and prejudice,
we will not disturb the sentence”).  Nor
has Robbins met the requirement of a
threshold determination that the sentence is grossly disproportionate to the
crime.  See Willis, 192 S.W.3d at 596. 
We overrule Robbins’s sole point of error and affirm the trial court’s
judgment.

                 

FELIPE REYNA

Justice

 

Before Justice Vance,

Justice
Reyna, and

Judge
Armstrong[4]

Affirmed          

Opinion delivered and
filed November 7, 2007

Do not publish

[CRPM]









[1]               Using a knife, Robbins stole a
vehicle with the complainant inside.    





[2]
              In Hernandez v.
State, 10 S.W.3d 812 (Tex. App.—Beaumont 2000, pet. ref’d), the court
determined that the point on appeal did not raise systemic issues. 
Earlier, that court noted that issues involving cruel and unusual punishment
are subject to procedural default.  Hawkins v. State, 964 S.W.2d
767, 769 (Tex. App.—Beaumont 1998, pet. ref’d) (citing Wright v. State,
930 S.W.2d 131, 133 (Tex. App.—Dallas 1996, no writ)).





[3]
              Robbins bases this argument on
several facts: (1) the State
emphasized testimony that Robbins called the complainant a “bitch,” was “rough”
and “very forceful,” and held a knife to the complainant’s throat; (2) the jury
reviewed the complainant’s testimony prior to acquitting Robbins of aggravated
kidnapping; (3) in opening, the State requested “sixty [years] to life,” but in
closing requested “forty, fifty [years];” and (4) the State “rebuke[d]” the
jury for acquitting Robbins of aggravated kidnapping.  





[4]               The Honorable Ernie B. Armstrong,
Judge of the 132nd Judicial District Court, sitting by assignment of the Chief
Justice of the Supreme Court of Texas pursuant to section 74.003(h) of the
Government Code.  See Tex. Gov’t
Code Ann. § 74.003(h) (Vernon 2005).