COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-313-CR

 

 

TOMMY VAUGHAN PHILLIPS                                                 APPELLANT

A/K/A
TOMMY PHILLIPS

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 43RD DISTRICT COURT OF PARKER COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Tommy Vaughan Phillips
appeals from his conviction for felony 
driving while intoxicated (DWI). 
After Appellant pled guilty to the charged offense, the trial court
assessed his punishment at eight years= confinement. We will affirm.








In his sole issue, Appellant
complains the trial court erred by forcing him to take a breath test before
trial to determine if he was intoxicated in the courtroom, and this error
violated his rights against self-incrimination guaranteed by the United States
and Texas Constitutions.

                                          Background

Appellant=s case was set for trial on August 10, 2005, at which time Appellant
was scheduled to enter an open plea of guilty and the court would hear evidence
and assess punishment.  At the beginning
of that hearing, the court stated,

[I]t has been brought to my attention that Mr.
Phillips has had intoxicating beverages that would perhaps prevent him from
understanding what is going on here in the courtroom.  And to make certain that he has due process,
I=m
prepared to hear remarks from the assistant DA and from [Appellant=s
counsel] and potentially testimony with regard to Mr. Phillips.

 








The State then called Trooper
Terry Lee who testified that the district attorney=s office had requested that he come to the courtroom prior to the
hearing that day and perform a preliminary breath test on Appellant using a
portable breath testing unit.  After
Trooper Lee stated his credentials regarding performing tests to determine a
person=s intoxication, the State asked him to opine, without stating the specific
reading from the breath test, whether Appellant was intoxicated.  Trooper Lee testified that although Appellant
had been cooperative in the testing, he was intoxicated as he sat in the
courtroom.[2]
On cross-examination by Appellant=s counsel, Trooper Lee acknowledged that Appellant=s speech sounded rather normal, but stated that he would be
intoxicated under the standards for DWI. 
No other witnesses were called to testify on the issue of whether
Appellant was too impaired to knowingly enter a guilty plea.

The trial judge then granted
the State=s motion to
declare Appellant=s bond
insufficient and reset the case for the following afternoon, informing
Appellant,  

[T]he judicial system does everything it can to
protect the constitutional rights of defendants.  And in the event a person comes in here and
doesn=t
know completely what they=re
doing, I=m not
going to take their plea.  And I=m not
sure, based upon the evidence that I=ve had, that you would be
fully understanding all your constitutional rights, that you would fully understand
what you were doing with regard to the plea that=s
about to be before the court.  

 

So therefore, I=m
going to reset the case tomorrow, and I=ll come to my own conclusion
tomorrow at 1:30 as to whether or not you are intoxicated at that point. 

 








Appellant=s counsel did not object to Trooper Lee being asked to perform the
sobriety tests, to the testing procedure, to any of the testimony of Trooper
Lee, to the trial court=s granting
the State=s motion to
declare the bond insufficient, to the court=s explanation to Appellant, or to the court=s action in resetting the case for the following afternoon, August 11.

At the hearing on August 11,
Appellant=s counsel
informed the court that he was satisfied Appellant knew and understood what he
was doing in court on that day.  After
Appellant was sworn in, the following dialogue ensued:

THE
COURT:  And do you understand what you=re
doing here today?

 

THE
DEFENDANT:  Yes, sir.

 

THE
COURT:  And you understand we continued
this from yesterday because you may have been impaired as a result of intoxicating
beverages?

 

THE
DEFENDANT:  Yes, sir.

 

THE
COURT:  Are you sober today?

 

THE
DEFENDANT:  Yes, sir.

 

THE
COURT:  And you know what you=re
doing here today?

 

THE DEFENDANT:  Yes, sir.








After this discussion, which
occurred without objection from Appellant=s counsel, Appellant entered his plea of guilty, and the court heard
punishment evidence.[3]  The State requested that the court take
judicial notice of the contents of the court=s file, Aparticularly
with regard to the order for the insufficient bond yesterday and the events
that transpired yesterday.@  Appellant did not object to
the State=s request,
which the court granted. 

                                           Discussion

In his sole issue on appeal,
Appellant contends that forcing him to take a breath test when he appeared at
the scheduled August 10 trial setting violated his rights against
self-incrimination guaranteed by the United States and Texas
Constitutions.  See U.S. Const. amend. V; Tex. Const. art. I, ' 10.  Appellant acknowledges
that his counsel never objected to the procedure before, during, or after
either of the two court hearings. 
However, Appellant contends that the privilege against
self-incrimination is Aself-executing@ and is Afundamental@ error, and that the merits of his complaint should be addressed by this
court. 








To preserve a complaint for our review, a party must have
presented to the trial court a timely request, objection, or motion that states
the specific grounds for the desired ruling if they are not apparent from the
context of the request, objection, or motion. 
Tex. R. App. P.
33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998)
(op. on reh=g), cert. denied, 526 U.S. 1070
(1999).  An objection must be made as
soon as the basis for the objection becomes apparent.  Tex.
R. Evid. 103(a)(1); Lagrone v. State, 942 S.W.2d 602, 618 (Tex.
Crim. App.), cert. denied, 522 U.S. 917 (1997); Polk v. State,
729 S.W.2d 749, 753 (Tex. Crim. App. 1987). 
Further, the trial court must have ruled on the request, objection, or
motion, either expressly or implicitly, or the complaining party must have
objected to the trial court=s refusal to
rule.  Tex.
R. App. P. 33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex.
Crim. App. 2004).








Most constitutional errors are forfeited by the failure to
object at trial.  Mendez, 138
S.W.3d at 342; Curry v. State, 910 S.W.2d 490, 496 & n.2 (Tex. Crim.
App. 1995).[4]  AExcept for
complaints involving systemic (or absolute) requirements, or rights that are
waivable only, . . . all other complaints, whether constitutional, statutory,
or otherwise, are forfeited by failure to comply with Rule 33.1(a).@  Mendez, 138 S.W.3d at 342.  AFundamental@ error is a word
that the court of criminal appeals has used to identify complaints that may be
raised for the first time on appeal.  Id.
at 341.

In support of his assertion
that there was no need for him to object to the breath test or to any testimony
concerning the results because his privilege against self-incrimination is Aself-executing,@ Appellant
relies upon Lykins v. State, 784 S.W.2d 32 (Tex. Crim. App. 1989).  In that case, Lykins was prosecuted for an
assault he committed while an inmate in prison. 
Id. at 33-34. The court of criminal appeals held that Lykins= incriminating oral statement about the assault, made in response to
questions from a prison official, was compelled in violation of his Fifth and
Fourteenth Amendment rights and could not be used against Lykins at his trial
for the assault.  Id. at 37.  The court reasoned that because Lykins would
incur a direct penalty under prison regulations for failure to answer a
question from prison authorities, he need not invoke his privilege against
self-incrimination and did not waive the privilege by merely answering the
questions put to him by prison authorities. 
Id.  








We find Lykins
distinguishable on its facts.  In the
instant case, Appellant  has not alleged
on appeal that there was any direct penalty that he would have incurred had he
refused to submit to the preliminary breath test.  Further, although Trooper Lee testified that
the district attorney=s office Arequested@ that he
come to the courtroom to perform a preliminary breath test on Appellant, the
record does not reflect whether Appellant submitted to the preliminary breath
test because he was ordered or requested to do so (and if so, who ordered or
requested this), or simply consented voluntarily to take the test. Accordingly,
we disagree with Appellant that the alleged error was Aself-executing@ and did not
require an objection in the trial court for that reason.

Appellant next asserts that
the alleged error in forcing him to take a breath test is so Afundamental@ that no
objection was required.[5]  The court of criminal appeals has stated that
its opinion in Marin v. State was a watershed decision in the law of
error preservation, and that questions of Afundamental error@ are now considered in its framework. 
Mendez, 138 S.W.3d at 341; Marin v. State, 851 S.W.2d 275
(Tex. Crim. App. 1993), overruled on other grounds by Cain v. State, 947
S.W.2d 262, 264 (Tex. Crim. App. 1997).  Marin
provides,

[A]bsolute requirements and prohibitions, like
rights which are waivable only, are to be observed even without partisan
request.  But unlike waivable rights,
they can't lawfully be avoided even with partisan consent.  Accordingly, any party entitled to appeal is
authorized to complain that an absolute requirement or prohibition was
violated, and the merits of his complaint on appeal are not affected by the
existence of a waiver or a forfeiture at trial.








Marin, 851
S.W.2d at 280.  A Asystemic requirement,@ also known as an absolute requirement or prohibition, is a law that a
trial court has a duty to follow even if the parties wish otherwise.  Mendez, 138 S.W.3d at 340; see Saldano
v. State, 70 S.W.3d 873, 888-89 (Tex. Crim. App. 2002) (listing examples of
systemic requirements).  The
error-preservation rule does not apply to rights that are waivable only or to
absolute systemic requirements, the violation of which may still be raised for
the first time on appeal.  Marin,
851 S.W.2d at 280.  We are not persuaded
that the error complained ofCordering or requesting Appellant to take a preliminary breath test on
the day of trialC involved a
systemic right or fundamental error that could not be forfeited absent
objection in the trial court. 








In summary, the record
reflects that at no time during either of the hearings did Appellant=s counsel object to the fact that the State had requested Trooper Lee
to perform a preliminary breath test on Appellant to determine if he was
intoxicated while in the courtroom.[6]  Neither did Appellant=s counsel object to the testimony of Trooper Lee regarding his opinion
that Appellant was intoxicated in the courtroom on August 10.  Appellant=s counsel did not object to the court continuing the case until the
next day due to the trial court=s concern that Appellant might not fully understand what he was doing
at the August 10 hearing with regard to Appellant=s proposed guilty plea.  Lastly,
Appellant=s counsel
did not object when the State asked the court at the beginning of the
punishment hearing to take judicial notice of events that transpired in the
courtroom the prior day.  Because
Appellant failed to object at any point during the proceedings, we hold that he
forfeited his right to complain of the fact that he was given a breath test in
the courtroom on the day of trial, or of the admission of any evidence relating
to the breath test or his alleged intoxication in the courtroom.[7]  See Tex.
R. App. P. 33.1(a)(1); Mosley, 983 S.W.2d at 265.  We overrule Appellant=s sole issue. 

 

 

 

 








                                           Conclusion

Having overruled Appellant=s issue, we affirm the judgment of the trial court.

PER CURIAM

PANEL B: 
HOLMAN, DAUPHINOT, and GARDNER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  April 6, 2006











[1]See Tex. R. App. P. 47.4.





[2]Trooper
Lee also attempted to conduct a horizontal gaze nystagmus test (HGN), but he
was unable to get Appellant to properly perform the test.





[3]In
his testimony during the punishment phase, Appellant said that on the evening
of August 9 until about 3:30 in the morning on August 10, he and a friend drank
half of a Abig@
bottle of Scotch, and he drank five or six beers.  He admitted that he was intoxicated when he
arrived in court on August 10, that he was late for court that day because AI
guess I was passed out,@ and
that his attorney had to come by and get him to go to his court hearing.





[4]See
Hawkins v. State, 964 S.W.2d 767, 769-70 (Tex. App.CBeaumont
1998, pet. ref=d)
(listing numerous constitutional rights held to have been forfeited by
non-assertion at trial).





[5]Rule
of evidence 103(d) provides that A[i]n a criminal case, nothing
in these rules precludes taking notice of fundamental errors affecting
substantial rights although they were not brought to the attention of the
court.@  Tex.
R. Evid. 103(d). 





[6]As
noted earlier, Appellant=s
counsel drove Appellant to the August 10 hearing, so counsel was obviously
present in the courtroom when the State requested Trooper Lee to perform the
preliminary breath test on Appellant. 





[7]As
discussed previously, Appellant=s issue asserts his rights
against self-incrimination were violated. 
In sub-arguments contained within the issue, Appellant also claims the
breath test was an invalid search, the test could not be administered to determine
whether Appellant had violated a condition of his community supervision, and
due process considerations do not allow the administration of the Aforced@
breath test.  Because Appellant failed to
raise any of these contentions in the trial court, they are also
forfeited.  See Tex. R. App. P. 33.1(a)(1); Mosley,
983 S.W.2d at 265.