James Miller KEITH IV, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–98–003 CR.

Court of Appeals of Texas,
Beaumont.

Submitted Sept. 18, 1998.

Decided Sept. 30, 1998.

David W. Barlow, Beaumont, for appellant.

Tom Maness, Criminal District Attorney, Wayln G. Thompson, Assistant Criminal District Attorney, Beaumont, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

**OPINION**

WALKER, Chief Justice.

James Miller Keith IV pleaded guilty to the jury, without the benefit of a plea bargain, to escape. The jury found Keith guilty and assessed as punishment confinement for life in the Texas Department of Criminal Justice, Institutional Division. Because the offense occurred while Keith was incarcerated, the judge ordered the sentence be served consecutively to the sentence Keith was serving when he committed the escape. The sole issue presented contends the sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Article 1.09 of the Texas Code of Criminal Procedure.

Keith concedes the sentence assessed was within the statutory punishment range, but argues it is cruel and unusual as applied to him because the cumulation of sentences occurred by operation of law regardless of the existence of mitigating circumstances.

Keith raised no objection to the imposition of sentence, nor did he raise the claim presented on appeal in a post-verdict motion filed with the trial court. To preserve a complaint for appellate review, a party must present a timely complaint to the trial court, state the specific grounds for the desired ruling, if the specific grounds are not otherwise apparent, and obtain a ruling. TEX. R.APP.P. 33.1(a). Most constitutional errors are waived or forfeited by the failure to make a timely assertion of that right. *Hawkins v. State*, 964 S.W.2d 767 (Tex.App.—Beaumont 1998, pet. ref'd). We find no complaint in the record regarding the constitutionality of the sentence. Keith contends error was preserved by bringing a complete record to this Court, citing *Diaz–Galvan v. State*, 942 S.W.2d 185 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd). *Diaz–Galvan* does not support Keith's position. That case held the appellant failed to file a complete appellate record under what was then Rule 50(d) of the Texas Rules of Appellate Procedure. The default in this case concerns the unrelated

matter of Keith's failure to present his complaint to the trial court. No error is preserved for our review.

■ Assuming, however, no objection was required to preserve error, we find the sentence does not fall within the Eighth Amendment's prohibition against cruel and unusual punishment. In reviewing the proportionality of a sentence, we consider the gravity of the offense and the harshness of the penalty; if the sentence is grossly disproportional to the crime, we consider the sentences imposed upon other criminals in the same jurisdiction, and the sentences imposed for commission of the same crime in other jurisdictions. *See Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991); *Solem v. Helm,* 463 U.S. 277, 290, 103 S.Ct. 3001, 3009, 77 L.Ed.2d 637 (1983).[1] Keith received the maximum sentence for the offense, for which the punishment range was enhanced by his status as an habitual offender. The record reflects numerous prior convictions, and Keith was serving a life sentence for murder when he escaped from the Stiles Unit. Keith argues the sentence is necessarily disproportionate to the severity of the offense because its imposition is mandatory. *See* TEX.CODE CRIM. PROC. ANN. art. 42.08(b) (Vernon Supp. 1998). We disagree.

Addressing the statute in a different context, the Court of Criminal Appeals stated, "[t]he obvious intent of Article 42.08(b) is to deter inmates from committing crimes during their incarceration and to more harshly punish those inmates who are not deterred." *Basden v. State,* 897 S.W.2d 319, 321 (Tex. Crim.App.1995) (citing *Cruz v. State,* 838 S.W.2d 682, 687 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd)). This purpose is legitimate and the method of its accomplishment is commensurate with that purpose. In a situation where the inmate is already serving a lengthy sentence, he literally has nothing to lose in terms of length on incarceration, unless the sentence for escape must be served consecutively. We hold cumulating Keith's sentence does not render the sentence grossly disproportionate to the crime under the Eighth Amendment or the Texas Code of Criminal Procedure. The issue presented is overruled. We affirm the judgment and sentence of the trial court.

AFFIRMED.

1. *Harmelin* modified *Solem's* proportionality review. For an analysis of the current viability of *Solem* in light of *Harmelin, see Puga v. State,* 916 S.W.2d 547 (Tex.App.—San Antonio 1996, no pet.).