NO. 12-00-00254-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


DENNIS RAY PINSON,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

______________________________________________________________________________ 
PER CURIAM


 Appellant Dennis Ray Pinson appeals the revocation of his probation following conviction
for the felony offense of Driving While Intoxicated. See Tex. Pen. Code Ann. §§ 49.04, 49.09
(Vernon Supp. 2001). Appellant presents two issues: that trial counsel rendered ineffective
assistance of counsel, and that the sentence was cruel and unusual punishment. We affirm.


Background


 In December of 1999, Appellant waived a jury trial and entered a non-negotiated guilty plea
before the court. The trial court sentenced Appellant to ten years of confinement but later granted
"shock" probation for a period of ten years. Subsequently, the State moved to revoke Appellant's
probation, alleging Appellant violated the terms of his probation by consuming an alcoholic
beverage. 

 A hearing was held on the State's motion on July 31, 2000. Appellant pleaded "Not True"
to the allegations. The trial court found that the allegations were true, revoked Appellant's probation,
and sentenced him to ten years of confinement and a fine of $5,000.00.

Ineffective Assistance of Counsel

 In his first issue, Appellant contends that he was denied the effective assistance of counsel
at the revocation hearing because his counsel failed to object to the admission of hearsay testimony.

 The standard of review for ineffective assistance of counsel in enunciated in Strickland v.
Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and adopted for Texas
constitutional claims in Hernandez v. State, 726 S.W.2d 53 (Tex. Crim. App. 1986). Under the
Strickland test, Appellant must show that: (1) counsel's performance was deficient, and (2) but for
counsel's unprofessional errors, the result of the proceeding would have been different within
reasonable probability. Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; Tong v. State, 25 S.W.3d
707, 712 (Tex. Crim. App. 2000). A reasonable probability is a probability sufficient to undermine
confidence in the outcome of the proceedings. Tong, 25 S.W.3d at 712. Appellant must establish
his claim by a preponderance of the evidence. Id. Any allegation of ineffectiveness must be firmly
founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. 
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Failure to make the required
showing of either deficient performance or sufficient prejudice defeats an ineffectiveness claim. Id. 
An appellate court looks to the totality of the representation and the particular circumstances of each
case in evaluating the effectiveness of counsel. Id. Appellate review of counsel's representation is
highly deferential, with a strong presumption that counsel's conduct falls within a wide range of
reasonably professional representation. See Tong, 25 S.W.3d at 712. 

 The State alleged that Appellant violated his probation by consuming an alcoholic beverage. 
At the revocation hearing, two probation officers testified for the State. The first probation officer
testified that when Appellant reported for a scheduled visit, his breath smelled of an alcoholic
beverage. She asked Appellant to submit to a Breathalyzer test, the results of which were positive
for alcohol consumption. The second probation officer, who administered the Breathalyzer test, also
testified that he smelled the odor of an alcoholic beverage on Appellant's breath. The trial court
admitted into evidence State's Exhibit Two, a copy from Appellant's probation file of a record of
the visit to the probation office, including the results of the Breathalyzer test. Appellant argues that
his counsel was ineffective because he failed to object to the admission of the hearsay testimony
about the results of the Breathalyzer test.

 Hearsay is a statement, other than one made by the declarant while testifying at trial, offered
to prove the truth of the matter asserted. Tex. R. Evid. 801(d). To successfully argue on appeal that
trial counsel's failure to object to hearsay evidence constituted ineffective assistance of counsel,
Appellant must show that the trial judge would have committed error in overruling such an
objection. See Vaughn v. State, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996). 

 The record in this case does not indicate why Appellant's trial counsel did not object to the
complained of testimony. Trial counsel may have elected not to object to the testimony because the
same results were listed in Appellant's probation file and the file's contents would be admissible
under an exception to the hearsay rule. Also, the record demonstrates that Appellant's trial counsel
questioned the probation officer who administered the Breathalyzer test at some length about his lack
of training on the instrument. Trial counsel based his closing argument in large part on discrediting
the test results. The fact that another attorney might have pursued a different course of action or tried
the case differently does not support a finding of ineffective assistance of counsel. Owens v. State,
916 S.W.2d 713, 717 (Tex. App.-Waco 1996, no pet.) 

 We conclude that the trial judge could have properly overruled the objection that Appellant
argues his counsel should have made because the Breathalyzer test results were part of Appellant's
probation file. See Greer v. State, 999 S.W.2d 484, 489 (Tex. App.-Houston [14th Dist.] 1999, pet.
ref'd) (holding probation file admissible under exception to hearsay rule), cert. denied, 531 U.S. 877,
121 S. Ct. 185, 148 L. Ed. 2d 128 (2000). As the record is silent as to why trial counsel failed to
object to the evidence, Appellant's allegations of ineffective assistance of counsel are not established
in the record, and Appellant has failed to rebut the presumption that this was a reasonable decision
in view of the totality of the proceedings. See Thompson, 9 S.W.3d at 814. Appellant did not file
a motion for new trial and has not demonstrated in the record that counsel rendered ineffective
assistance. To find trial counsel was ineffective as Appellant asserts would call for speculation, in
which we will not engage. See Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.-Houston [1st Dist.]
1996, no pet.). 

 Appellant's first issue is overruled.



Cruel and Unusual Punishment

 In his second issue, Appellant claims that his sentence constitutes cruel and unusual
punishment in violation of the United States and Texas Constitutions. U.S. Const. amend. VIII;
Tex. Const. art. I, § 13. Specifically, Appellant contends that his sentence is grossly
disproportionate to the offense committed.

 At the hearing on the Motion to Revoke Probation, Appellant raised no objection to the
imposition of the sentence. Appellant filed no motion for new trial.

 To preserve a complaint for appellate review, a party must have presented to the trial court
a timely request, objection, or motion specifically stating the grounds for the ruling desired, and
obtain a ruling. Tex. R. App. P. 33.1(a). Even constitutional complaints may be waived by the
failure to raise a timely objection in the trial court. See Broxton v. State, 909 S.W.2d 912, 918 (Tex.
Crim. App. 1995). A number of courts have found waiver with regard to claims that the punishment
assessed by the trial court was grossly disproportionate to the offenses committed and thus
constituted cruel and unusual punishment. See Smith v. State, 10 S.W.3d 48, 49 (Tex. App.-
Texarkana 1999, no pet.); Keith v. State, 975 S.W.2d 433, 433-34 (Tex. App.-Beaumont 1998, no
pet.); Solis v. State, 945 S.W.2d 300, 301 (Tex. App.-Houston[1st Dist.] 1997, pet. ref'd); Rodriguez
v. State, 917 S.W.2d 90, 92 (Tex. App.-Amarillo 1996, pet. ref'd). Appellant has failed to preserve
the issue of cruel and unusual punishment.

 Finally, a sentence which is within the limits prescribed by a valid statute is not excessive,
cruel or unusual. Harris v. State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983). Therefore,
Appellant's second issue is overruled. 

 The judgment of the trial court is affirmed.


Opinion delivered August 9, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.








(DO NOT PUBLISH)