NO. 12-00-00241-CR


IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


HAROLD JOHNSON,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

______________________________________________________________________________

PER CURIAM


 Harold Johnson appeals his felony conviction for the offense of aggravated assault with a
deadly weapon. Appellant raises a single issue, complaining of cruel and unusual punishment in
violation of the Constitution of the United States and the Texas Constitution. We affirm.

 In February of 2000, Appellant pleaded no contest to a charge of aggravated assault with a
deadly weapon. Pursuant to a plea bargain agreement, the trial court deferred a finding of guilt and
placed Appellant on probation for a period of five years.

 In April of 2000, the State filed a motion to adjudicate Appellant's guilt and revoke his
probation. It was alleged that Appellant had violated the terms and conditions of his probation by
resisting transportation after being arrested for a traffic violation and by threatening a police officer
with imminent, serious bodily injury during the same encounter. Appellant pleaded "not true" to the
allegations against him. After an evidentiary hearing, the trial court found the allegations to be true,
adjudicated Appellant's guilt, and assessed punishment at twenty years of imprisonment. Appellant
argues the sentence violates the constitutional prohibition against cruel and unusual punishment
because it is grossly disproportionate to the offense of which he was convicted.

 To preserve a complaint for appellate review, a party must have presented to the trial court
a timely request, objection, or motion specifically stating the grounds for the ruling desired, and
obtain a ruling. Tex. R. App. P. 33.1(a). Even constitutional complaints may be waived by the
failure to raise a timely objection in the trial court. See Broxton v. State, 909 S.W.2d 912, 918 (Tex.
Crim. App. 1995). A number of courts have found waiver with regard to claims that the punishment
assessed by the trial court was grossly disproportionate to the offenses committed and thus
constituted cruel and unusual punishment. See Smith v. State, 10 S.W.3d 48, 49 (Tex. App.-
Texarkana 1999, no pet.); Keith v. State, 975 S.W.2d 433, 433-34 (Tex. App.-Beaumont 1998, no
pet.); Solis v. State, 945 S.W.2d 300, 301 (Tex. App.-Houston [1st Dist.] 1997, pet. ref'd);
Rodriguez v. State, 917 S.W.2d 90, 92 (Tex. App.-Amarillo 1996, pet. ref'd). 

 At the hearing on the State's motion to adjudicate guilt, Appellant raised no objection to the
imposition of the sentence. Appellant filed no motion for new trial. Therefore, Appellant has failed
to preserve the issue of cruel and unusual punishment. Further, a sentence which is within the limits
prescribed by a valid statute is not excessive, cruel or unusual. Harris v. State, 656 S.W.2d 481, 486
(Tex. Crim. App. 1983). 

 Appellant's issue is overruled, and the judgment of the trial court is affirmed.




Opinion delivered August 15, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.













(DO NOT PUBLISH)