In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-061 CR


____________________



DAVID MITCHAMORE, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from 217th District Court


Angelina County, Texas


Trial Court No. 22,957






MEMORANDUM OPINION


 

 David Mitchamore pleaded guilty, without a plea bargain, to the second degree
felony offense of sexual assault of a child. See Tex. Pen. Code Ann. §
22.011(a)(2)(A),(f) (Vernon 2003). The trial court sentenced appellant to twelve years in
the Institutional Division of the Texas Department of Criminal Justice. On appeal,
Mitchamore raises issues of ineffective assistance of counsel and cruel and unusual
punishment. 

 In his motion for new trial and on appeal, Mitchamore claims ineffective assistance
because trial counsel failed to call witnesses at the punishment phase of the trial. At the
motion for new trial hearing, Mitchamore claimed his trial attorney did not impress upon
him the importance of having witnesses testify on his behalf at the sentencing hearing. 
However, Mitchamore also testified trial counsel told him it would be helpful to have an
employer testify to his good work habits, but he said the attorney made no effort to
subpoena the employer. Trial counsel also asked about character witnesses but never
obtained the names from Mitchamore. 

 At the motion for new trial hearing, Mitchamore presented five witnesses who
indicated trial counsel did not contact them, although they were willing and able to testify. 
Three of the five witnesses would have testified Mitchamore was a good worker; three
would have testified he did not do anything inappropriate on the job; a stepson testified
Mitchamore had been a father figure to him and was a man of good character.

 To show ineffective assistance of counsel, Mitchamore must demonstrate the
following: (1) trial counsel's performance was deficient because it fell below an objective
standard of reasonableness; and (2) a probability sufficient to undermine confidence in the
outcome existed that, but for counsel's unprofessional errors, the result of the proceeding
would have been different. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80
L.Ed.2d 674 (1984); Rylander v. State, 101 S.W.3d 107, 109-110 (Tex. Crim. App.
2003). Absent a showing that potential witnesses were available and that their testimony
would benefit the defense, the trial counsel's failure to call witnesses is of no moment. 
Wilkerson v. State, 726 S.W.2d 542, 551 (Tex. Crim. App. 1986).

 At the motion for new trial hearing, the trial judge made it clear that the defendant
would not have benefitted from the witnesses' testimony, because the court had reviewed
information on "all of the good things," including Mitchamore's work history, in the
Presentence Investigation Report prior to sentencing. The trial judge said he had also
considered the evidence adduced at the sentencing hearing. That evidence included
testimony that while Mitchamore drove around one night for four hours with the victim
and his stepdaughter in his car, he drank beer, rubbed his hand on the fifteen year old
victim's leg, and provided her and the stepdaughter beer to drink. Early the next morning
he sexually assaulted the victim. 

 The trial court was aware of Mitchamore's good work habits and character from the
PSI report; the trial judge made it clear at the motion for new trial hearing that the
additional testimony would not have made a difference in the punishment assessed. By
failing to show the result of the proceeding would have been different, but for the alleged
ineffectiveness of counsel, Mitchamore did not satisfy the second prong of Strickland. 
Point of error one is overruled.

 Mitchamore contends the twelve year sentence is cruel and unusual punishment
because it is so plainly disproportionate to the offense as to "shock the sense of
humankind." The twelve year penalty is within the statutory range of two to twenty years. 
See Tex. Pen. Code Ann. § 12.33 (a) (Vernon 2003). Mitchamore argues that because
he pleaded guilty to the offense, has a job, pays child support, has never before been
convicted of a felony, has never failed a drug test at work, and is of good character, the
sentence was disproportionate to the offense and constitutes cruel and unusual punishment. 

 Appellant did not object on this ground to the imposition of the sentence -- either
at the sentencing hearing or in his motion for new trial. For preservation purposes, a party
must present a timely complaint to the trial court, state the specific grounds for the desired
ruling, if the specific grounds are not otherwise apparent, and obtain a ruling. See Tex.
R. App. P. 33.1(a); Curry v. State, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995); Keith
v. State, 975 S.W.2d 433 (Tex. App.--Beaumont 1998, no pet.). No error is preserved
for our review. 

 Even if Mitchamore had preserved this issue for review, we find no error. The
record, as detailed above, does not reflect that Mitchamore's twelve year sentence is
grossly disproportionate to the offense of sexual assault of the fifteen year old victim. See
Mathews v. State, 918 S.W.2d 666, 669 (Tex. App.--Beaumont 1996, pet. ref'd). Further,
there is no evidence in the record comparing Mitchamore's sentence with sentences for
similar crimes in the same jurisdiction and to sentences for similar crimes in other
jurisdictions. See Fluellen v. State, 71 S.W.3d 870, 873 (Tex. App.--Texarkana 2002,
pet. ref'd). Appellant's second issue is overruled.

 The conviction is affirmed.

 AFFIRMED.

 _________________________________

 DAVID B. GAULTNEY 
 Justice


Submitted on June 10, 2003

Opinion Delivered July 16, 2003

Do Not Publish


Before McKeithen, C.J., Burgess, and Gaultney, JJ.