11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Brandon Beller

Appellant

Vs.                   No. 11-03-00261-CR B Appeal from Harris County

State of Texas

Appellee

 

The trial court convicted Brandon Beller, upon his
plea of guilty, of the offense of aggravated robbery.[1]  A plea bargain agreement was not
reached.  The trial court assessed his
punishment at confinement for 25 years.[2]  We affirm.

In his sole issue on appeal, appellant challenges
the punishment assessed.  While he recognizes
that the 25-year sentence was within the range authorized by law, appellant
contends that the length of the sentence constitutes cruel and unusual
punishment.  Appellant also contends
that, since no injuries were sustained in the robbery, the sentence is grossly
disproportionate.  The State responds by
contending that appellant has waived his complaint.  We agree.








TEX.R.APP.P. 33.1 provides that, to preserve a
complaint for appellate review, the complaint must first be raised to the trial
court through an objection, a request, or a motion.  Complaints pertaining to constitutional
rights may be waived by failing to bring them to the trial court=s attention.  Broxton v. State, 909 S.W.2d 912, 918
(Tex.Cr.App.1995); Briggs v. State, 789 S.W.2d 918, 924
(Tex.Cr.App.1990); Solis v. State, 945 S.W.2d 300 (Tex.App. - Houston
[1st Dist.] 1997, pet=n
ref=d). 
Failure to complain at the trial court level that the length of sentence
is cruel and unusual punishment waives the issue for appellate review.  Duren v. State, 87 S.W.3d 719, 732
(Tex.App. - Texarkana 2002, pet=n
ref=d); Jacobs v. State, 80 S.W.3d
631, 632-33 (Tex.App. - Tyler 2002, no pet=n);
Nicholas v. State, 56 S.W.3d 760, 768 (Tex.App. - Houston [14th Dist.]
2001, pet=n ref=d); Keith v. State, 975 S.W.2d
433, 434 (Tex.App. - Beaumont 1998, no pet=n);
Solis v. State, supra; Quintana v. State, 777 S.W.2d 474
(Tex.App. - Corpus Christi 1989, pet=n
ref=d). 


Appellant did not object at trial and did not file
a motion for new trial.  Therefore,
appellant has not preserved his complaint for appellate review.  

Moreover, we note that nothing in the record
supports appellant=s
complaint that a 25-year sentence is cruel and unusual punishment. TEX. PENAL
CODE ANN. ' 29.03
(Vernon 2003)  provides that a robbery
becomes an aggravated offense when a deadly weapon is used or exhibited, when
serious bodily injury occurs, or when bodily injury occurs to a victim who is
65 years of age or older or who is a disabled person.  The fact that the victim did not suffer any
physical injury does not make the robbery in this case a non-aggravated offense
or the punishment assessed disproportionate. 
Section 29.03(a)(2).  The sole
issue is overruled.

The judgment of the trial court is affirmed.

 

W. G. ARNOT, III

CHIEF JUSTICE

 

January 15, 2004

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.         











[1]TEX. PENAL CODE ANN. ' 29.03
(Vernon 2003) defines the offense and declares it to be a first degree felony.





[2]TEX. PENAL CODE ANN. ' 12.32
(Vernon 2003) provides that a person convicted of a first degree felony shall be
confined for life or a period of time not less than 5 years and not more than
99 years.  An optional fine not to exceed
$10,000 is also authorized.