Opinion issued October 4, 2007








 



In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00249-CR
NO. 01-06-00250-CR




STEPHEN DEAL, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause Nos. 1044242 and 1032267




MEMORANDUM OPINION
          Appellant, Stephen Deal, was charged in two different causes with aggravated
sexual assault of a child. See Tex. Pen. Code Ann. § 22.021(a)(1)(B)(iii) (Vernon
Supp. 2006). Those causes were consolidated and tried to a jury. The jury convicted
appellant of both offenses and assessed punishment at five years in prison for each
offense. The court cumulated the sentences. See Tex. Code Crim. Proc. Ann. art.
42.08(a) (Vernon 2006); Tex. Pen. Code Ann. § 3.03(a), (b)(2)(A) (Vernon Supp.
2006). We address whether appellant has established that: (1) he received ineffective
assistance of counsel; (2) the court erred in cumulating his sentences; and (3) the
evidence is factually insufficient to support the verdict. We affirm.
Facts
          Appellant sexually assaulted complainant, his niece by marriage, when she was 
six years old. Complainant’s mother, Yolanda Gonzales, saw appellant place his
hands on complainant’s bottom underneath her clothing. When Gonzales questioned
complainant about what she had seen, complainant told Gonzales that appellant had
threatened to hit her and to hurt her mother if she told anyone what he had done. 
Complainant then described several acts of sexual assault occurring on multiple
occasions. Gonzales confronted appellant and his wife (Gonzales’s sister), and
agreed not to contact the police if appellant left town and never returned. 
          Several years later, Gonzales saw appellant at a local restaurant. Fearing that
appellant would again assault children in the family, Gonzales contacted the police
and reported the assaults against complainant. 
 
 
Ineffective Assistance of Counsel
          In his first issue, appellant complains that he was denied effective assistance
of counsel. Appellant does not claim that any one particular act or omission rendered
counsel’s assistance ineffective, but, rather, urges that “counsel patently was not
prepared to litigate the case because of a lack of experience and/or knowledge as
demonstrated by his failure to properly formulate questions, to predicate and offer
evidence, . . . and his handling of the evidence.”
A.      Standard of Review
          To prevail on a claim of ineffective assistance of counsel, appellant must show
that (1) trial counsel’s performance was deficient, i.e., counsel’s performance fell
below an objective standard of reasonableness, and (2) a reasonable probability exists
that, but for counsel’s deficiencies, the result of the proceeding would have been
different. Strickland v. Washington, 466 U.S. 668, 687, 693, 104 S. Ct. 2052, 2064,
2067–68 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). A
defendant has the burden to establish both of these prongs by a preponderance of the
evidence, and a failure to make either showing defeats his ineffectiveness challenge. 
Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). Because the
reviewing court must indulge a strong presumption that counsel’s conduct falls within
the wide range of reasonable professional assistance, appellant must overcome the
presumption that, under the circumstances, the challenged action “might be
considered sound trial strategy.” Strickland, 466 U.S. at 689, 104 S. Ct. at 2065.
          Any allegation of ineffectiveness must be firmly founded in the record, which
must demonstrate affirmatively the alleged ineffectiveness. Thompson, 9 S.W.3d at
813 (citing McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). We
will not speculate to find trial counsel ineffective when the record is silent on
counsel’s reasoning or strategy. Henderson v. State, 29 S.W.3d 616, 624 (Tex.
App.—Houston [1st Dist.] 2000, pet. ref’d). In most cases, the undeveloped record
on direct appeal will be insufficient to satisfy the dual prongs of Strickland because
the reasonableness of counsel’s decisions often involves facts not appearing in the
appellate record. Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003). 
Therefore, it is usually critical that the defendant obtain the necessary record in the
trial court to rebut the Strickland presumption that counsel’s conduct was strategic.
Thompson, 9 S.W.3d at 814; McCullough v. State, 116 S.W.3d 86, 92 (Tex.
App.—Houston [14th Dist.] 2001, pet. ref’d). 
          This kind of record is best developed in a hearing on a motion for new trial or
by application for a writ of habeas corpus. Jackson v. State, 973 S.W.2d 954, 957
(Tex. Crim. App. 1998); McCullough, 116 S.W.3d at 92. In rare cases, however, the
record can be sufficient to prove that counsel’s performance was deficient, despite the
absence of affirmative evidence of counsel’s reasoning or strategy. Robinson v. State,
16 S.W.3d 808, 813 n.7 (Tex. Crim. App. 2000). 
B.      Counsel’s Performance
          Appellant acknowledges that many of the complaints raised regarding
counsel’s performance were resolved or did not result in any harm. He complains
generally about counsel’s performance during voir dire, suggesting that counsel had
to be “instructed” and “educated” by the court and the State throughout the initial
phase of trial. He admits, though, that counsel’s performance during voir dire “does
not suggest outrageous conduct on the part of Appellant’s counsel.”
          Appellant next points out that the State objected approximately 200 times, 90
percent of which objections were sustained, to counsel’s questioning of the various
witnesses over the course of three days. Appellant urges not that these objections in
some way rendered counsel’s performance deficient, but, rather, that they illustrate
the fact that counsel was “ill-prepared by experience and/or education” to represent
him. Appellant points to 14 specific acts during the guilt-innocence phase of trial as
demonstrative of this fact: (1) counsel made an improper attempt to impeach a
witness; (2) counsel attempted to mark an item already in evidence; (3) counsel did
not know the predicate for admissibility of photographs; (4) counsel attempted to
“grab” photographs from the jury; (5) counsel tried to have a business record
modified; (6) counsel did not know the predicate for admissibility of a business
record; (7) counsel did not know how to elicit a witness’s opinion as to appellant’s
reputation; (8) counsel attempted to offer hearsay evidence; (9) counsel did not know
how to solicit evidence of appellant’s good character; (10) counsel failed to object to
the lack of a proper predicate as to the State’s expert; (11) counsel permitted the State 
improperly to bolster a witness’s testimony; (12) counsel relied on an alibi defense
without an understanding of the concept of “on or about;” (13) counsel failed to
request a limiting instruction in the court’s guilt-innocence charge; and (14) counsel
failed to object to an erroneous instruction regarding “on or about.”  
          Additionally, appellant complains that counsel failed to ask him appropriate
questions to establish his eligibility for community supervision, but acknowledges
that counsel did recall him and establish his eligibility. Lastly, appellant complains
that counsel failed to object to the State’s request or the court’s order that his
sentences be cumulated.  Many of the complaints raised about counsel’s performance
are either no error, were cured by actions of either counsel or the court, or had no
effect on the trial. For example, counsel’s attempt to impeach a State’s witness with
a prior deferred adjudication could not have harmed appellant’s defense. His attempt
to mark a document already in evidence likewise had no impact on the trial. 
Counsel’s ignorance of a court rule that the bailiff, rather than counsel, take exhibits
from the jury could not have impacted the proceedings. Similarly, although appellant
complains of counsel’s lack of knowledge of predicates, he makes no complaint that
particular evidence was excluded as a result. Indeed, it was not. 
          The vast majority of “mistakes” noted by appellant are not argued beyond their
inclusion in a laundry list of complaints. Appellant makes no effort to argue that he
was harmed by any of counsel’s actions or inactions. Thus, he fails to meet his
burden under the second Strickland prong. Appellant has failed in his burden to
overcome the presumption that trial counsel provided reasonable and professional
assistance. See Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). We
overrule issue one.
Cumulation Order
          In his second issue, appellant contends that the court erred in cumulating his
sentences because the State failed to file a motion requesting cumulation, the State
failed to present evidence in support of cumulation, and appellant had no prior notice
that the court could cumulate the sentences. In his third issue, appellant argues that
the evidence is insufficient to support the cumulation order.
A.      Preservation of Error
          In order to preserve a complaint as to the cumulation of sentences, an appellant
must either object at the time of sentencing or complain in a motion for new trial. 
Mendenhall v. State, 15 S.W.3d 560, 567 (Tex. App.—Waco 2000), aff’d, 77 S.W.3d
815 (Tex. Crim. App. 2002). Appellant did neither. Thus, appellant’s complaints
regarding lack of notice and a State’s motion to cumulate the sentences are not
preserved for appellate review. See, e.g., Mendenhall, 15 S.W.3d at 567; Keith v.
State, 975 S.W.2d 433, 433–34 (Tex. App.—Beaumont 1998, no pet.) (contention
that imposition of consecutive, rather than concurrent, sentences was cruel and
unusual punishment was not preserved for review in failing to raise issue in
post-verdict motion for new trial or at trial). We overrule issue two.
B.      No Evidence
          In his third issue, appellant contends that the cumulation order is invalid
because the evidence could support a finding that the offenses occurred prior to
September 1, 1997, the date on which section 3.03(b)(2)(A), authorizing cumulation,
became effective. See Act of May 31, 1997, 75th Leg., R.S., ch. 667, §§ 2(b), 8, 1997
Tex. Gen. Laws 2250, 2251, 2253 (current version at Tex. Pen. Code Ann. §
3.03(b)(2)(A) (Vernon Supp. 2006). Appellant acknowledges that the evidence
suggests that the offenses occurred after this date, but urges that the State should not
get the benefit of “on or about” language, granting it a 28-year window in which to
charge a defendant with sexual assault of a child, but then also seek cumulation of an
offense that may have occurred prior to the statute’s effective date. However, we
need not address this scenario because, in the present case, both indictments allege
that the offenses occurred in 1999 and complainant testified that she was six years old
when the assaults occurred (she was born in 1993). Thus, the evidence does establish
that the offenses occurred after September 1, 1997. Furthermore, when a child victim
is unable to recall the exact dates upon which molestation occurred, the court may
cumulate the sentences “as long as there is some evidence that the offenses occurred
after September 1, 1997.” Hendrix v. State, 150 S.W.3d 839, 853 (Tex.
App.—Houston [14th Dist.] 2004, pet. ref’d); Owens v. State, 96 S.W.3d 668, 672
(Tex. App.—Austin 2003, no pet.). The court was within its discretion to cumulate
appellant’s sentences. We overrule issue three. 
Factual Sufficiency of the Evidence
          Appellant’s fourth issue challenges the factual sufficiency of the evidence. 
When conducting a factual-sufficiency review, we view all of the evidence in a
neutral light. Ladd v. State, 3 S.W.3d 547, 557 (Tex. Crim. App. 1999). We will set
aside the verdict only if (1) the evidence is so weak that the verdict is clearly wrong
and manifestly unjust or (2) the verdict is against the great weight and preponderance
of the evidence. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). We
cannot conclude that the evidence is factually insufficient simply because we disagree
with the verdict. See Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006);
King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). As the determiner of the
credibility of the witnesses, the fact finder may choose to believe all, some, or none
of the evidence presented. Cain v. State, 958 S.W.2d 404, 407 n.5 (Tex. Crim. App.
1997).
          An opinion addressing factual sufficiency must include a discussion of the
most important and relevant evidence that supports the appellant’s complaint on
appeal. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). But see Roberts
v. State, 221 S.W.3d 659, 665 n.11 (Tex. Crim. App. 2007). Moreover, an opinion
reversing and remanding on factual-insufficiency grounds must detail all of the
evidence and clearly state why the finding in question is factually insufficient and
under which ground. Goodman v. State, 66 S.W.3d 283, 286–88 (Tex. Crim. App.
2001); Johnson, 23 S.W.3d at 7.
          Appellant argues that the house at which the offenses occurred was heavily
populated and it “strains the bounds of credulity” to believe that, except for one
incident described by Gonzales, no one ever saw appellant assault complainant. He
further notes Dr. Jorge Mendoza’s testimony that complainant’s physical examination
revealed no evidence of abuse. Lastly, appellant points to the delay in reporting the
assault to the police (five years) as evidence weighing against the jury’s verdicts. 
          Complainant detailed in her testimony multiple, specific acts of assault that
support the jury’s verdicts. Her testimony was corroborated by that of her mother,
who testified to complainant’s outcry statements. Although it is true that multiple
people lived in the house during the time frame of the assaults, the evidence supports
a finding that appellant nevertheless had the opportunity to assault complainant,
because he occasionally volunteered to stay home and to watch the children while the
other adults were gone. Furthermore, complainant testified that he assaulted her
when other adults were at home, but in different areas of the house. For instance, one
assault occurred while complainant’s mother was in the kitchen.
          Appellant further argues that the lack of physical evidence of assault weighs
against the sufficiency of the evidence. “The lack of physical or forensic evidence
is a factor for the jury to consider in weighing the evidence.” Lee v. State, 176
S.W.3d 452, 458 (Tex. App.—Houston [1st Dist.] 2004), aff’d, 206 S.W.3d 620 (Tex.
Crim. App. 2006). The lack of physical or medical evidence does not render the
evidence insufficient to support the verdict. Washington v. State, 127 S.W.3d 197,
204-05 (Tex. App.—Houston [1st Dist.] 2003, pet. dism’d). Further, although
Mendoza did testify that complainant suffered no physical injury, that fact is not
inconsistent with complainant’s testimony. See Tinker v. State, 148 S.W.3d 666, 669
(Tex. App.—Houston [14th Dist.] 2004, no pet.) (citing Garcia v. State, 563 S.W.2d
925, 928 (Tex. Crim. App. 1978) (victim’s testimony is sufficient to prove that sexual
contact occurred despite no physical evidence)). 
          Lastly, appellant argues that the delay in reporting the assault to the police
weighs against the truthfulness of the allegations and, necessarily, against the
sufficiency of the evidence. Yet, Gonzales explained that she did not report the abuse
initially because she was afraid that the State would take complainant from her and,
further, because appellant agreed to move away and never to return. When Gonzales
saw appellant in town several years later, she reported the abuse despite her fears of
losing complainant because she worried that appellant would abuse other children in
the family. As the sole judge of the credibility of the witnesses, the jury was free to
believe Gonzales’s explanation for the delay in reporting the assault. See Cain, 958
S.W.2d at 407 n.5.
          After neutrally examining all of the evidence, we hold the proof of guilt is not
so weak that the verdict is clearly wrong or manifestly unjust, nor is the verdict
against the great weight and preponderance of the evidence. See Johnson, 23 S.W.3d
at 10–11. We overrule issue four.
Conclusion
          We affirm the judgment of the trial court.


 
Tim Taft
Justice
 
Panel consists of Justices Taft, Hanks, and Higley.
 
Do not publish. See Tex. R. App. P. 47.2(b).