

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-07-413-CR

LADERRELL ANTONIO HOLLOWAY                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

The trial court revoked Appellant Laderrell Antonio Holloway's deferred adjudication community supervision, found him guilty of the felony offense of aggravated assault with a deadly weapon,[2] and sentenced him to fifteen years' confinement.  In one issue, Appellant argues that the trial court abused its

---

[1] *See* Tex. R. App. P. 47.4.

[2] *See* Tex. Pen. Code Ann. § 22.02(a)(2) (Vernon Supp. 2008).

discretion by proceeding to adjudication and by sentencing him to fifteen years' confinement.  We will affirm.

During the punishment phase of the revocation hearing, Carmen Lewis testified about the events that led to Appellant pleading guilty to aggravated assault with a deadly weapon and being placed on ten years' deferred adjudication community supervision.

Lewis testified that she and Appellant lived together during the spring and early summer 2007.  She said that on June 5, 2007, she ended her relationship with Appellant and gave him an eviction notice, which stated that he was to leave her apartment with his belongings within seven days.  Lewis testified that on June 8, 2007, when she returned from an evening with friends, Appellant was outside her apartment, "furious [and] angry."  She said he demanded to know where she had been, accused her of cheating on him, and pushed her into the apartment.  Lewis said that once inside, Appellant cornered her, pushed her down on the floor, and proceeded to "rip [her] underwear off of [her]" to determine if she had "been out with someone else."  Lewis said that Appellant repeatedly punched her, kicked her multiple times, and choked her.

Lewis recounted that Appellant threatened her by saying, "You're going to die tonight, I told myself if you wasn't in by midnight, I was going to kill you. You're going to die."  She said that Appellant went into the kitchen, grabbed

2

a "butcher knife," and began waving it around, threatening her, stabbing it into the wall, and at one point throwing it at her. From there, according to Lewis, Appellant demanded that she put her shoes on. Appellant then grabbed her and, holding the knife at her side, walked her down three flights of stairs and placed her in the passenger seat of her car. After driving around—all the while Appellant was threatening that he was going to kill her—Lewis said they eventually returned to her apartment, where she got on her knees and begged him to "not do anything to me." She said Appellant eventually calmed down and instructed her to take a shower. Lewis said that when she finished showering, she found Appellant nude in her bed and that despite her protests he proceeded to have intercourse with her. Lewis testified that she went to the police station the next morning and reported what had transpired.

The Grand Prairie Police Department issued an emergency protective order enjoining Appellant from going within 500 feet of Lewis's apartment and from communicating with her in a threatening or harassing manner. Appellant was indicted for kidnaping and aggravated assault with a deadly weapon. On July 23, 2007, Appellant pleaded guilty to the assault charge, and the trial court placed him on deferred adjudication for ten years. The terms of Appellant's probation included the conditions that he not commit a criminal offense, that

3

he report to the Tarrant County Community Supervision and Correction Department upon release from jail, and that he have no contact with Lewis.

Upon release, Appellant telephoned Lewis, informed her he had been released from jail, and told her he needed a ride. Lewis testified that she told Appellant that they should not speak to each other. She said that despite her telling him not to call, Appellant called her a number of times that evening. Later that night, Lewis was in her apartment watching television and talking with a friend over the phone when she said she heard "a big bang at the door." She said she hung up the phone and immediately dialed 911. Lewis testified that she grabbed a gun that she had purchased after the events of June 8 and stood in the corner while on the phone with the 911 operator. Lewis said that Appellant continued to "bang" on her door, and he eventually kicked in the door and it flung open. Lewis said that at that point she fired two shots, neither of them hitting Appellant. She said he fled the apartment but later called her and told her that "it was on."

The State's petition to proceed to adjudication alleged that Appellant violated the terms of his community supervision by going to Lewis's residence in violation of a protective order, failing to report to his probation officer,[3]

---

[3] Jennifer Michelle Galindo, a court officer for the Tarrant County Community Supervision and Correction Department, testified that Appellant

4

contacting Lewis by telephone, and contacting her in person. Appellant pleaded "not true" to each of these alleged violations. The trial court found Appellant guilty of violating the terms of his community supervision, adjudicated him guilty of the aggravated assault with a deadly weapon offense, and sentenced him to fifteen years in prison. This appeal followed.

In part of his sole issue, Appellant argues that the trial court abused its discretion in revoking his community supervision. We review the trial court's revocation order under an abuse of discretion standard. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984) (en banc). The State's burden of proof at a community supervision revocation hearing is a preponderance of the evidence. *See Lee v. State*, 952 S.W.2d 894, 897 (Tex. App.—Dallas 1997, no pet.). The trial court serves as the sole arbiter of fact in proceedings of this nature, and an appellate court must view the evidence presented in a light most favorable to the trial court's order. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981).

In this case, the evidence showed that Appellant had contact with Lewis in violation of the conditions of his community supervision. In fact, Appellant does not contest that he called Lewis multiple times, went to her house the

_____

was released on July 23, 2007, and instructed to report to the probation office on July 24, 2007, but failed to report on that day.

5

night of July 23, and kicked in her door. Appellant argues only that his conduct was a "mistaken, but heart-sick effort to get back together with her." We hold that the State carried its burden and that the trial court did not abuse its discretion by revoking Appellant's community supervision. We overrule this portion of Appellant's sole point.

In the remainder of his sole point, Appellant argues that the trial court abused its discretion by sentencing him to fifteen years' confinement. We disagree. In order to preserve a complaint for appeal, a party must have presented the trial court with a timely and specific request, objection, or motion. Tex. R. App. P. 33.1(a). As a general rule, an appellant cannot assert error pertaining to his sentence or punishment when he failed to raise such error in the trial court. *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986). An issue concerning the severity of a sentence is not preserved when the defendant's contentions were not raised in the trial court by either a motion for new trial or objection. *Holley v. State*, 167 S.W.3d 546, 549 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd); *Keith v. State*, 975 S.W.2d 433, 433–34 (Tex. App.—Beaumont 1998, no pet.). Because Appellant did not raise an objection that the fifteen-year sentence was an abuse of discretion, or any objection relating to his sentence, at his revocation hearing, he has waived the issue on appeal. Tex. R. App. P. 33.1.

But even if Appellant had timely objected, the trial court did not abuse its discretion. Where, as in this case, the punishment assessed is within the range prescribed by statute, it is beyond the province of an appellate court to pass upon the propriety of the sentence. *Darden v. State*, 430 S.W.2d 494, 496 (Tex. Crim. App. 1968). Appellant's fifteen-year sentence falls within the statutory range of punishment for the second-degree felony of aggravated assault with a deadly weapon to which Appellant pleaded guilty; therefore, his sentence is not excessive. Tex. Pen. Code Ann. §§ 12.33, 22.02(a)(2) (Vernon 2003 & Supp. 2008); *see Puga v. State*, 916 S.W.2d 547, 550 (Tex. App.—San Antonio 1996, no pet.). Under these circumstances, the trial court did not abuse its discretion by revoking Appellant's community supervision and imposing a fifteen-year sentence. We overrule the remainder of Appellant's sole point.

Having overruled Appellant's sole point, we affirm the trial court's judgment.

PER CURIAM

PANEL: HOLMAN, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 6, 2008