

# NUMBER 13-10-00492-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

DAVID TIJERINA,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

### On appeal from the 105th District Court
### of Kleberg County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Vela, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant, David Tijerina, appeals from a judgment revoking his deferred-adjudication community supervision. By his sole issue, appellant argues the punishment assessed was disproportionate to the seriousness of the alleged offense, and therefore in violation of the United States Constitution. We affirm, as modified.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to a plea bargain agreement, appellant plead guilty to one count of aggravated robbery, a first degree felony. *See* TEX. PENAL CODE ANN. §§ 29.03 (West 2011). The trial court placed appellant on four years deferred-adjudication community supervision.

On April 5, 2010, the State filed a motion to revoke community supervision and to adjudicate guilt, alleging four violations. Appellant's violations included: (1) possession of a controlled substance; (2) failure to attend, participate, and complete an anger management program by November 2, 2009; (3) testing positive for cocaine on January 5, 2010; and (4) testing positive for cocaine on February, 8, 2010.

On June 30, 2010, the trial court heard the State's motion to revoke community supervision. During the hearing, appellant pleaded true to all of the allegations in the motion. The trial court accepted appellant's pleas of true and adjudicated appellant guilty of the original offense of aggravated robbery. The trial court assessed appellant's punishment at twenty years of confinement in the Texas Department of Criminal Justice, Institutional Division.

## II. ANALYSIS

In his sole issue, appellant contends that the punishment assessed by the trial court was disproportionate to the seriousness of the alleged offense and, therefore, in violation of the Eighth and Fourteenth Amendments of the United States Constitution. *See* U.S. CONST. amends. VIII, XIV. We disagree.

To preserve a complaint for appellate review, a party must present to the trial court a timely complaint, state the specific grounds for the desired ruling, if the specific

2

grounds are not otherwise apparent, and obtain a ruling. *See* TEX. R. APP. P. 33.1(a); *Schneider v. State*, 645 S.W.2d 463, 466 (Tex. Crim. App. 1983) (en banc) (explaining that a cruel and unusual punishment complaint was not preserved for review because it was not raised in the trial court); *see also Garcia v. State*, No. 13-06-427-CR, 2007 WL 1851708, at *1 (Tex. App.—Corpus Christi June 28, 2007, no pet.) (mem. op., not designated for publication) (holding that a cruel and unusual punishment claim is not preserved for review when a timely, specific objection is not presented to the trial court).

Appellant did not object on these grounds during the hearing. Appellant also failed to raise the issue in a post-judgment motion filed with the trial court.[1] *See Keith v. State*, 975 S.W.2d 433, 433–34 (Tex. App—Beaumont 1998, no pet.) (holding a failure to raise the claim presented on appeal in a post-verdict motion filed with the trial court fails to preserve error). No error is preserved for our review. Appellant's sole issue is overruled.

### III.  MODIFICATION OF JUDGMENT

The trial court's judgment includes a reference to section 12.43 of the Penal Code. *See* TEX. PENAL CODE ANN. §12.43 (West 2011). Section 12.43, however, only concerns enhancement for *misdemeanor* convictions, and not felony enhancement. *Compare* TEX. PENAL CODE ANN. § 12.42 (West 2011) (enhancement for repeat and habitual felony offenders), *with* TEX. PENAL CODE ANN. § 12.43 (West 2011) (enhancement for repeat and habitual misdemeanor offenders). Appellant was

---

[1] Appellant filed a motion for a hearing to reconsider the sentence imposed. However, appellant did not raise this complaint in his motion. Rather, appellant merely requested that the trial court modify appellant's sentence to one year in state jail, followed by a year in a substance abuse felony punishment facility and ten years of deferred adjudication. Appellant argued the requested sentence would help him address his drug problem and provide a proper punishment. Because the cruel and unusual punishment complaint was not included in his motion to reconsider sentencing, the motion does not preserve error. *See* TEX. R. APP. P. 33.1(a).

3

convicted of a first degree felony, and albeit appellant had been convicted of numerous offenses in the past, the record does not show that enhancement was either requested or that his punishment was enhanced. Moreover, appellant's punishment fell within the range of punishment for a first degree felony. *See id.* §12.32 (providing an individual adjudged guilty of a first degree felony shall be imprisoned for either life or a period of between five and ninety-nine years).

The Texas Rules of Appellate Procedure give this Court authority to modify judgments sua sponte to correct typographical errors and make the record speak the truth. *See* TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.); *Gray v. State*, 628 S.W.2d 228, 233 (Tex. App.—Corpus Christi 1982, pet. ref'd). We conclude that the reference to section 12.43 of the Penal Code should be stricken.

## IV. CONCLUSION

We modify the judgment by striking the reference to section 12.43 of the Penal Code from the judgment. We affirm the trial court's judgment, as modified.

Gregory T. Perkes
Justice

Do not publish. TEX. R. APP. P. 47.2(b).

Delivered and filed the
28th day of June, 2012.

4